USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_______________
DATE FILED: 9/3/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026,

Plaintiffs,

-against-

PENINSULA CAPITAL TRUST, PENINSULA ACCUMULATOR TRUST, PENINSULA ACCELERATOR TRUST, MANHATTAN PRIVATE CREDIT MARKETS LLC, MANHATTAN ST NOTES LLC, MANHATTAN 5 OCEANS PARTNERS LLC, SAVILLE FIDUCIARY CORPORATION f/k/a GLOBAL PATENT & ASSERTION CAPITAL CORPORATION, DIGITANWORKS AG, DOVERA CAPITAL PTY LTD, RODGERS AND ASSOCIATES LLC, PERSHING INSURANCE BOND, LLC a/k/a PERSHING SPECIALTY RISK LLC, CROWN GLOBAL DMCC, MANHATTAN PRIVATE CREDIT (SEYCHELLES), BRAYDEN CRAIG a/k/a NOEL LUXETON a/k/a SCOTT CAMPBELL FISHER a/k/a NOEL AVASONIS a/k/a SEAN CARTIER a/k/a BENNET BRAYDEN RICHARDS a/k/a TRENT SCOTT WALLACE STRONG a/k/a SCOTT WILLIAMS, CAROL ANN HUNTER, TIM BENTLEY, ANDREW MACKENZIE MELVILLE a/k/a ANDREW MELVILLE, JENNIFER LYNN RODGERS a/k/a JENNIFER ROGERS, DANIEL BENZ, LUKE ADEBIYI, and NIGEL CATT,

Defendant.

1:26-cv-7519-MKV

<u>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER, A PRE-JUDGMENT ORDER OF ATTACHMENT, AND EXPEDITED DISCOVERY</u>

MARY KAY VYSKOCIL, United States District Judge:

On September 2, 2026, Plaintiffs, The Steering Committee on Behalf of the Parties to the JPCIA ( “Plaintiffs” and “Steering Committee”), commenced this action by filing a Verified

Complaint under seal,[1] against Defendants, Peninsula Capital Trust, Peninsula Accumulator Trust, Peninsula Accelerator Trust, Manhattan Private Credit Markets LLC, Manhattan St Notes LLC, Manhattan 5 Oceans Partners LLC, Saville Fiduciary Corporation f/k/a Global Patent & Assertion Capital Corporation, Digitanworks AG, Dovera Capital PTY LTD, Rodgers and Associates LLC, Pershing Insurance Bond, LLC a/k/a Pershing Specialty Risk LLC, Crown Global DMCC, Manhattan Private Credit (Seychelles), Brayden Craig a/k/a Noel Luxeton a/k/a Scott Campbell Fisher a/k/a Noel Avasonis a/k/a Sean Cartier a/k/a Bennet Brayden Richards a/k/a Trent Scott Wallace Strong a/k/a Scott Williams, Carol Ann Hunter, Tim Bentley, Andrew Mackenzie Melville a/k/a Andrew Melville, Jennifer Lynn Rodgers a/k/a Jennifer Rogers, Daniel Benz, Luke Adebiyi, and Nigel Catt (collectively, "Defendants") on behalf of 373 purported victims of an alleged "phony investment scheme." Plaintiffs seek recovery of no less than $105,892,547.01 of purported funds invested with and through Defendants between October 2024 and July 2026. Plaintiffs allege Defendants constructed an elaborate multi-entity investment architecture, which included New York companies, to defraud Plaintiffs.

Before the Court is Plaintiffs' *ex-parte* motion for a temporary restraining order, a pre-judgment order of attachment, and expedited discovery ("Mot."). In connection with the motion, the Court is also in receipt of Plaintiffs' Verified Complaint, the Affirmation of Neal H. Levin ("Levin Affirmation" or "Levin Aff."), the Affidavit of Nicholas C. White ("White Affidavit" or "White Aff."), and Plaintiffs' proposed order granting their motion.

[1] On August 27, 2026, Plaintiffs initiated a miscellaneous action, Case No. 26-mc-432 (MMG), seeking leave to file various documents under seal or in redacted form. On September 1, 2026, Judge Garnett, sitting in the Emergency Part One, granted Plaintiffs leave to file under seal or in redacted form Plaintiffs' Verified Complaint, the affidavit of Nicholas C. White, affirmation of Neal H. Levin, and Plaintiffs' memorandum of law in support of their motion for a temporary restraining order, a pre-judgment order of attachment, and early discovery. [ECF No. 7, Case No. 26-mc-432 (MMG)].

## LEGAL STANDARD

In order to obtain a temporary restraining order or a preliminary injunction,[2] Plaintiffs must establish that: (1) they are likely to succeed on the merits of their claim; (2) they are likely to suffer irreparable harm absent temporary relief; (3) the balance of equities tips in their favor; and (4) the issuance of temporary relief is in the public interest. *See New York State Firearms Ass'n v. James*, 157 F.4th 232, 241 (2d Cir. 2025); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (*per curiam*) (alteration in original) (emphasis in original) (internal quotation marks omitted); *see also Dolce v. Certified Luxury Motors*, No. 25-cv-02150 (AT) (RWL), 2025 WL 1184076, at *2 (S.D.N.Y. Apr. 23, 2025) (issuance of a temporary restraining order "is an extraordinary remedy that will not be granted lightly").

Attachment is available as a remedy in federal court "under the circumstances and in the manner provided by the law of the state in which the district court is held." Fed. R. Civ. P. 64; *see also Cap. Ventures Int'l v. Republic of Argentina*, 443 F.3d 214, 218-19 (2d Cir. 2006). Under New York's Civil Practice Law and Rules ("CPLR"), attachment may be granted when "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts." CPLR § 6201(3). New York's Civil Practice Law and Rules Section 6210 permits the Court to grant a temporary restraining order prohibiting the transfer of assets without notice to a defendant. To obtain pre-judgement

[2] The same legal standard governs the issuance of a temporary restraining order and a preliminary injunction. *See, e.g.*, *Vans, Inc. v. MSCHF Prod. Studio, Inc.*, 88 F.4th 125, 133-35 (2d Cir. 2023); *New York v. Trump*, 765 F. Supp. 3d 287, 291 (S.D.N.Y. 2025).

attachment, Plaintiffs must show "that there is a cause of action, that it is probable that the plaintiff[s] will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant[s] exceeds all counterclaims known to the plaintiff." CPLR § 6212(a). Plaintiffs must further demonstrate "an identifiable risk that the defendant will not be able to satisfy the judgment." *VisionChina Media Inc. v. S'holder Representative Servs., LLC*, 109 A.D.3d 49, 60, 967 N.Y.S.2d 338, 345-46, (1st Dep't 2013). "The risk should be real" and may include "a defendant's financial position," "past and present conduct," "history of paying creditors," or a "stated or indicated intent to dispose of assets." *VisionChina Media Inc.*, 109 A.D.3d at 346. As for the first and second requirement—that "a claim for a money judgment exists and that the movant is likely to succeed on the merits—'the court must give the plaintiff the benefit of all the legitimate inferences that can be drawn from the facts.'" *Herzi v. Ateliers De La Haute-Garonne*, No. 15-cv-7702 (RJS), 2015 WL 8479676, at *1 (S.D.N.Y. Oct. 13, 2015) (quoting *Bank of Leumi Trust Co. of N.Y. v. Istim, Inc.*, 892 F. Supp. 478, 482 (S.D.N.Y.1995)); *see also Iraq Telecom Ltd. v. IBL Bank S.A.L.*, 43 F.4th 263, 269-70 (2d Cir. 2022).

## DISCUSSION

Having carefully reviewed the Verified Complaint, Plaintiffs' motion, and the supporting Levin Affirmation and White Affidavit, the Court finds that Plaintiffs have satisfied their burden to obtain a temporary restraining order under New York's Civil Practice Law and Rules Section 6210[3] and a pre-judgment order of attachment under Article 62 of New York's Civil Practice Law

[3] The Court notes that the Supreme Court held in *Grupo Mexicano de Desarrolo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) that a federal court does not generally have the power under Federal Rule of Civil Procedure 65 to issue injunctive relief preventing transfer of assets in an action for money damages. Thus, Plaintiffs cannot, and do not purport to, rely on Federal Rule of Civil Procedure 65 as the basis for their requested temporary restraining order. Rather, they move under New York's Civil Practice Law and Rules Section 6210. *See Bollenbach v. Haynes*, No. 18-cv-997, 2018 WL 4278347, at *1 (S.D.N.Y. May 29, 2018) (finding *Grupo Mexicano* inapplicable where plaintiff relies on New York's Civil Practice Law and Rules Section 6210 for a temporary restraining order). In their briefing,

and Rules and Federal Rule of Civil Procedure 64.

With respect to their request for a temporary restraining order, Plaintiffs are likely to succeed on the merits of their claim. Plaintiffs have sufficiently pled facts evincing a scheme by Defendants to obtain millions of dollars of funds from hundreds of victims under fraudulent pretenses. Compl. ¶¶ 32–102. Plaintiffs are likely to suffer irreparable harm absent the issuance of temporary injunctive relief. The Verified Complaint and both sworn statements allege a complex array of financial institutions, corporate entities, and foreign vehicles. They paint a picture of sophisticated Defendants that are capable of dispersing the purportedly fraudulently obtained funds in a manner that would prevent Plaintiffs' recovery absent immediate action. *See, e.g.*, Levin Aff. ¶ 14; White Aff. ¶ 46. The balance of equity weighs in favor of granting this temporary relief. If Plaintiffs claims are correct, and this injunctive relief is not granted, it could result in the complete loss of the over $100 million of allegedly fraudulently withheld funds. Finally, the public has a strong interest in recouping fraudulently seized funds and thus this short-term freeze is in the best interest of the public.

With respect to their request for a pre-judgment order of attachment, based on the information in the Verified Complaint and the sworn statements, attachment is proper under Article 62 of New York's Civil Practice Law and Rules. On the current record, Defendants appear poised to "defraud [their] creditors or frustrate the enforcement of a judgment that might be rendered in [Plaintiffs'] favor," by assigning, disposing, or removing property from the state. CPLR § 6201. For the same reasons justifying the issuance of a temporary restraining order, the

---

Plaintiffs do not indicate that the standard for granting a temporary restraining order under New York's Civil Practice Law and Rules Section 6210 is any different from the standard under Federal Rule of Civil Procedure 65. Instead, they request that the Court apply the standard under Federal Rule of Civil Procedure 65. *See* Mot. at 14-15. Thus, the Court assesses Plaintiffs' request for a temporary restraining order under the standards typically applied under Federal Rule of Civil Procedure 65. *See Rexton Realty Co. v. Goliszeski*, No. 18-cv-10519 (VSB), 2018 WL 11355155, at *1 (S.D.N.Y. Nov. 14, 2018) (applying the standards under Federal Rule of Civil Procedure 65 to a motion for a temporary restraining order pursuant to New York's Civil Practice Law and Rules Section 6210).

Court finds that a cause of action exists and that the Plaintiffs are likely to succeed on the merits. Further, nothing in the current record indicates that Defendants possess a right to a counterclaim that would exceed the over $100 million loss amount alleged by Plaintiffs. *See* CPLR § 6212(a). Finally, Defendants' history of asset dissipation and concealment, missed payment schedules, and payment delays, White Aff. ¶¶ 37-46, demonstrates an identifiable risk that Defendants will not be able to satisfy any judgment obtained.

The Court provides Plaintiffs with a 72-hour lead to issue the order of attachment to the listed entities. After that period, Defendants will be fully noticed as to their issuance and the Verified Complaint against them and can oppose this Order at that time if they wish. If Defendants make a salient showing that this injunctive relief should be lifted, the harm to them in the interim period is minimal. The attachment maintains the status quo for a short time, and absent a showing of continued necessity, Defendants will be free to manage their funds as they wish in fourteen days. The freezing of identified assets and the prohibition on additional transfers serves the narrow interest of justice in preventing any concealment or dissipation of funds that may be the subject of fraud while the parties are afforded the opportunity to adjudicate the immediate dispute.

Further, for much the same reason that Plaintiffs have demonstrated an entitlement to a temporary restraining order, Plaintiffs have shown good cause for expedited discovery. *See Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (applying flexible good cause test to determine whether expedited discovery is appropriate); *see Leslie v. Starbucks Corp.*, No. 23-1194, 2024 WL 2186232, at *5 n.8 (2d Cir. May 15, 2024) (acknowledging that the Second Circuit has not yet precisely articulated a standard for granting expedited discovery but approvingly citing *Ayyash* and noting the decision is committed to the sound discretion of the district court). As in *Ayyash*, Plaintiffs have made a substantial showing of a likelihood of success on their claims and given that Defendants include foreign individuals and business entities with

the incentive and capacity to hide assets, White Aff. ¶¶ 37-46; Levin Aff. ¶ 14, there is "considerable urgency" to Plaintiffs' need to obtain information concerning the location of Defendants' assets to avoid irreparable harm. *Ayyash*, 233 F.R.D. at 327.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a temporary restraining order, a pre-judgment order of attachment, and expedited discovery is granted. Accordingly,

**IT IS HEREBY ORDERED** that that a temporary restraining order is granted pursuant to New York's Civil Practice Law and Rules Section 6210 and Federal Rule of Civil Procedure 64 for pre-judgement attachment of all accounts that are located in the United States or abroad and which are identified in Schedule A to the Levin Affirmation (the "Accounts") and prohibiting the transfer of assets in such accounts without notice to Plaintiffs and the Court.

**IT IS FURTHER ORDERED** that a preliminary order of attachment pursuant to New York's Civil Practice Law and Rules Section 6212 and Federal Rule of Civil Procedure 64 to attach, seize, and/or garnish all monies in the Accounts identified in Schedule A to the Levin Affirmation without notice to Defendants is granted.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve the order of attachment upon each financial institution possessing the accounts identified in Schedule A to the Levin Affirmation on or before **September 4, 2026**.

**IT IS FURTHER ORDERED** that expedited discovery pursuant to Federal Rule of Civil Procedure 26(d)(1) is warranted and that such discovery may include the issuance of third-party subpoenas to financial institutions at which the Accounts in Schedule A are located as well as any other accounts belonging to Defendants that may contain monies invested by Plaintiffs.

**IT IS FURTHER ORDERED** that Defendants and their agents charged with operating and/or managing the Accounts shall deliver to Plaintiffs within ten (10) business days of their

receipt of this Order the following:

a. an accounting for each Account for the period beginning from and after October 1, 2024, to the date of this Order;

b. monthly operating statements for each Account prepared for each calendar month for the months of October 2024 to the present month; and

c. year-to-date operating statements for each Account, which statements shall include an itemization of actual (not pro forma) capital expenditures during the applicable period and each of which shall also be certified true and correct.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve the Verified Complaint, summons, and a copy of this Order, and the papers upon which it is granted, on Defendants or counsel for Defendants, by personal service, on or before **September 7, 2026**. Defendants shall answer, move, or otherwise respond no later than **September 14, 2026**.

**IT IS FURTHER ORDERED** that counsel for Plaintiffs and Defendants shall appear before the Court on **Thursday, September 17, 2026 at 10:00 a.m. EST** for a conference regarding this temporary restraining order. The conference will be held in person in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York.

All counsel must familiarize themselves with the Court's Individual Rules of Practice in Civil Case ("Individual Rules").

The parties are hereby informed that they may challenge the issuance of this order at any point prior to the aforementioned briefing schedule or hearing.

**SO ORDERED.**

**Date: September 3, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**