September 15, 2026

**Via ECF Filing**
Honorable May Kay Vyskocil
United States District Judge
United States District Court
500 Pearl Street, Room 2230
New York, NY 10007
VyskocilNYSDChambers@nysd.uscourts.gov

**Re:** ***The Steering Committee on Behalf of the Parties to the JPCIA Dated July 7, 2026 v. Peninsula Capital Trust et al.***
**Case No. 1:26-cv-07519-MKV**

Dear Judge Vyskocil:

I write to provide an update to the Status Report filed earlier today. *See* ECF No. 14. At the outset, I would like to apologize to the Court for the fact that our letter was filed to Your Honor's docket late. Ms. Horgan inadvertently filed the Status Report to the old Index Number for this matter prior to the Sealing Order, 26-MC-432, at 12:03PM.[1] She then refiled the documents to the correct Index Number 26-CV-07519-MKV as soon as she realized her error. We sincerely apologize to the Court for this error.

Also, in light of Your Honor's Order issued today, ECF No. 31, Plaintiff will be filing an emergency motion to extend the existing Temporary Restraining Order (ECF No. 5) (the "TRO Order") for an additional ten (10) days and to expand the existing Temporary Restraining Order and Pre-Judgment Order of Attachment to add additional financial accounts held by named Defendants or otherwise related to the alleged fraudulent conduct in this action. The emergency motion will be filed in-person tomorrow morning in accordance with your Rules of Practice in Civil Cases.

We also write to clarify and provide further updates of service on Defendants as well as the Banks and Financial Institutions. Initially we ask the Court's indulgence in recognizing that the Court's Order Granting Temporary Restraining Order (ECF No. 5) was entered on Thursday, September 3, at 4:39 p.m. and mandated service upon the Defendants of the relevant pleadings, said Temporary Restraining Order *and Summons* by September 7, 2026, which was Labor Day. Plaintiff submitted a request for issuance of Summons on September 4th. The Clerk did not issue Summons until September 9 (ECF No. 9), well after the date set by the Court for service of said Summons. Nonetheless, in an effort to provide immediate notice to all relevant Banks and thereafter to as many Defendants as could be located in that short period of time despite many in foreign jurisdictions, Plaintiff began an email campaign to all available email addresses as well as a "boots on the ground" campaign to provide personal service to the banks and then to many of these Defendants, including attempts on the ground in Australia and Switzerland. This campaign continued for many days in a very aggressive effort to ensure notice and service of process where possible within the time constraints set by Your Honor's TRO Order.

[1] A copy of the Confirmation for filing today at 12:03PM is annexed hereto as **Exhibit 1**.

Service and Notice to Defendants

1) Before the Summons was issued, I personally emailed **ANDREW MACKENZIE MELVILLE A/K/A ANDREW MELVILLE ("MELVILLE/MACKENZIE")** on September 7th to notify him of the action. After the Summons was issued I sent the Summons, Verified Complaint, the TRO, and the papers upon which it had been granted to counsel for Melville/MacKenzie, Ed Davis, Esq. and David Short, Esq. These attorneys had previously sent an email to me indicating their representation of Mr. Melville MacKenzie in connection with this action. There was no response to this email nor to a follow-up email that I sent to them asking if either of them intended to appear in Court on September 17. Instead, on yesterday's date, I received an email from Oren Warshavsky, Esq of Baker Hostetler, advising me that his firm "expects" to be retained by Melville/MacKenzie. We immediately confirmed to Mr. Washavsky that Mr. Melville MacKenzie's prior counsel, Ed Davis, Esq. and David Short, Esq., had been served with the papers pursuant to the TRO Order, and thus he had been properly served. I will be submitting an Affirmation confirming this notice to Mr. Melville MacKenzie.

2) Before the Summons was issued, Plaintiff also attempted service on **JENNIFER LYNN RODGERS a/k/a JENNIFER ROGERS** and **RODGERS AND ASSOCIATES LLC**. Specifically, on September 7, 2026, I personally emailed Ms. Rodgers and sent her the TRO papers via email, also emailing an attorney who represented Ms. Rogers in her purported "resignation" from certain of the Defendant entities. After the Summons was issued on September 9, 2026 (ECF No. 9), Plaintiff attempted to serve Ms. Rodgers and Rodgers and Associates LLC at her office address. The process server was unable to serve the TRO Order or any other papers at that address because the location is a U.S. Post Office, a violation of the rules of the State of California relative to the Registered Agent address for a corporation. Nonetheless, Ms. Rodgers and her entity have now been served with process at her home as of September 11, 2026.

3) Before the Summons being issued, I also personally emailed a copy of the Complaint and TRO papers to counsel for **DANIEL BENZ** and **DIGITANWORKS AG**, Jan F. E. Keller in Switzerland. Mr. Keller on September 7, 2026 responded that he does not represent Mr. Benz or Digitanworks AG in this matter despite our possession of a letter recover during our investigation indicating otherwise. Thereafter, Plaintiff directed the Subpoena to be served upon them in Switzerland and that service is in process. Concurrently, on yesterday's date, I received a call from a US-based attorney, Lorenz Wolffers of Wolffers Cohen, indicating his intent to appear on behalf of these two Defendants, though he has yet to file an appearance.

4) Before issuance of the Summons, I also personally emailed counsel for **CAROL ANN HUNTER,** Sean Brennecke, Esq. and Maliheh Zare, Esq. at

Lewis Brisbois Bisgaard & Smith LLP, who currently represent Ms. Hunter in an action pending in a Delaware Chancery Court, tangentially related to the underlying claims here. Counsel were provided copies of the Complaint and TRO Papers on September 7, 2026. Mr. Brennecke, with whom I had already had a number of conversations about the DE action, responded that they do not represent Ms. Hunter in this matter and hence are not authorized to accept service. As a precaution, Plaintiff is now attempting to serve Ms. Hunter with these papers and the Summons in Australia.

5) I also personally emailed **BRAYDEN CRAIG, LUKE ADEBIYI, AND TIM BENTLEY** the Complaint and TRO papers on September 7, 2026 at their ManhattanPCM.com email addresses. None of these emails was returned as undeliverable. Though I have further undertaken to attempt overseas service of them in Australia and Panama. These efforts are ongoing.

6) After the Summons was issued on September 9, 2026 (ECF No. 9), Plaintiff immediately and personally served five (5) of the Defendants the next day, on September 10, 2026, and Affidavits of Service have been filed with the Court. These Defendants are as follows: (i) **PENINSULA ACCUMULATOR TRUST** as evidenced by the Affidavit of Service at ECF No. 15; (ii) **SAVILLE FIDUCIARY CORPORATION F/K/A GLOBAL PATENT & ASSERTION CAPITAL CORPORATION** as evidenced by the Affidavit of Service at ECF No. 16; (iii) **PERSHING INSURANCE BOND, LLC A/K/A PERSHING SPECIALTY RISK LLC** as evidenced by the Affidavit of Service at ECF No. 17; (iv) **PENINSULA ACCELERATOR TRUST** as evidenced by the Affidavit of Service at ECF No. 18; and (v) **PENINSULA CAPITAL TRUST** as evidenced by the Affidavit of Service at ECF No. 19.

7) On September 9, 2026, Plaintiff also immediately attempted to serve the Summons issued on **NIGEL CATT** and **DOVERA CAPITAL PTY LTD** by email. Counsel for these parties, Jonathan Uretsky, Esq. from a law firm called PULLP, filed a Notice of Appearance on behalf of these Defendants on September 14th. *See* ECF No. 10.

8) Despite diligent efforts (including over the weekend), Plaintiff initially was unable to serve three of the remaining Defendants with the Summons and other papers until the following Monday, September 14, 2026. First, as to **MANHATTAN ST NOTES LLC,** the process server initially was advised that service was not accepted because there was no record of entity. Repeat service was attempted and accomplished on September 14th as indicated by the Affidavit of Service at ECF No. 24. Second, as to **MANHATTAN PRIVATE CREDIT MARKETS LLC,** the process server was initially advised that the "subject [is] unknown at this address". Repeat service was attempted and accomplished on September 14th as indicated by the Affidavit of Service at ECF No. 25. Third, as to **MANHATTAN 5 OCEANS PARTNERS LLC,** the process server was advised that service was not accepted because there was no

record of entity. Repeat service was attempted and accomplished on September 14th as indicated by the Affidavit of Service at ECF No. 30.

9) The only known address for **CROWN GLOBAL DMCC** is the DMCC Business Center, Level No. 1, Dubai, BA398, UAE. Plaintiff has undertaken efforts to serve it at that address in Dubai.

Service and Notice to the Banks:

1) The following banks were served in person with Subpoenas the day after the TRO Order was issued, September 4, 2026: (i) the five **BMO BANK N.A.** entities identified in Schedule A of the Affirmation of Neal Levin (the "Levin Affirmation"); (ii) **EVOLVE BANK & TRUST**; (iii) the two **JPMORGAN CHASE BANK, N.A.** entities in the Levin Affirmation; and (iv) the two **EAST WEST BANK** entities in the Levin Affirmation.

2) The following banks were served with Subpoenas in person on September 9, 2026: (i) **CORPAY INC.;** (ii) **CAMBRIDGE MERCANTILE CORP. (UK) LIMITED;** (iii) **BANKING CIRCLE S.A.; and** (iv) **AIRWALLEX (UK) LIMITED.**

3) **WISE PAYMENTS LIMITED FCA** was served with a Subpoena by email on September 9, 2026, and we received a confirmation of receipt. Plaintiff has also served Wise Payments in London and is awaiting an Affidavit of Service from the process server.

4) There is no public email for **CURRENCY CLOUD TD**. We sent a Subpoena by mail. We also served the Subpoena in person. Our process server has advised us that service has been completed in London and we are awaiting an Affidavit of Service.

5) **AUSTRALIA AND NEW ZEALAND BANKING GROUP LIMITED** was served with a Subpoena on September 9, 2026, and we received a confirmation of receipt.

6) Plaintiff attempted to serve **DBS BANK (HONG KONG) LIMITED** and **DBS BANK (SINGAPORE) LIMITED** identified in the Levin Affirmation at their office that was supposedly located at 805 Third Avenue, Suite 1202, New York, NY 10022 on September 9, 2026. The process server was told that no such entity was located at the 805 Third Avenue, Suite 1202, New York, NY 10022 address. We will continue to try to locate and serve DBS Bank.

7) Regarding **MODULR FS LIMITED,** we have yet to locate a service address or process for this entity, believed to be a UK bank which MSTN used as a GBP receiving account for their early 1AA offering and was listed in those offering documents subscription agreements.

We have already received a significant volume of documents in response to these Subpoenas from East West Bank, Corpay and Chase. The findings are compelling and are

the subject of our forthcoming Emergency Motion to extend the time and scope of the Temporary Restraining Order.

Respectfully Submitted,

*/s/ Neal H. Levin*

Neal H Levin
Lead Counsel to Plaintiff