USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026,
Plaintiffs,

-against-

PENINSULA CAPITAL TRUST, PENINSULA ACCUMULATOR TRUST, PENINSULA ACCELERATOR TRUST, MANHATTAN PRIVATE CREDIT MARKETS LLC, MANHATTAN ST NOTES LLC, MANHATTAN 5 OCEANS PARTNERS LLC, SAVILLE FIDUCIARY CORPORATION f/k/a GLOBAL PATENT & ASSERTION CAPITAL CORPORATION, DIGITANWORKS AG, DOVERA CAPITAL PTY LTD, RODGERS AND ASSOCIATES LLC, PERSHING INSURANCE BOND, LLC a/k/a PERSHING SPECIALTY RISK LLC, CROWN GLOBAL DMCC, MANHATTAN PRIVATE CREDIT (SEYCHELLES), BRAYDEN CRAIG a/k/a NOEL LUXETON a/k/a SCOTT CAMPBELL FISHER a/k/a NOEL AVASONIS a/k/a SEAN CARTIER a/k/a BENNET BRAYDEN RICHARDS a/k/a TRENT SCOTT WALLACE STRONG a/k/a SCOTT WILLIAMS, CAROL ANN HUNTER, TIM BENTLEY, ANDREW MACKENZIE MELVILLE a/k/a ANDREW MELVILLE, JENNIFER LYNN RODGERS a/k/a JENNIFER ROGERS, DANIEL BENZ, LUKE ADEBIYI, and NIGEL CATT,
Defendant.

1:26-cv-7519-MKV

ORDER RE: REQUEST TO EXTEND AND MODIFY TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of Plaintiff's proposed order to show cause in connection with a self-styled (but not served or filed) "emergency e*x parte* motion to extend temporary restraining order [("TRO")], for a preliminary injunction, to modify the temporary restraining order, and pre-judgment order of attachment to extend to newly discovered accounts." [ECF No. 33]. In support Plaintiff has filed a memorandum of law, [ECF No. 35 ("Mem.")], and the Affirmation of Neal H.

Levin, Esq. [ECF No. 34 ("Levin Affirmation"]. Plaintiff asks, *ex parte*, that the Court extend and modify the temporary restraining order and pre-judgment order of attachment entered on September 3, [ECF No. 5], and modify the order of attachment to extend to newly discovered accounts. The latest proposed order omits any language extending the existing TRO entered on September 3, 2026. [ECF No. 33].

The September 3 TRO granted Plaintiff's *ex parte* motion for a temporary restraining order and pre-judgment order of attachment pursuant to CPLR § 6210 and Federal Rule of Civil Procedure 64 together with expedited discovery pursuant to FRCP 26(d)(1). [ECF No. 5]; *see also* Levin Affirmation ¶ 5. Specifically, the September 3 TRO ordered the freezing of certain bank and financial accounts and prohibited the transfer of assets in such accounts in order to maintain the status quo and avoid asset dissipation. The September 3 TRO however was temporary and expired by its own terms in fourteen days.

In its memorandum of law, Plaintiff now seeks to expand the scope of the TRO to include newly discovered financial accounts held by Defendants (the "Newly Discovered Accounts") as identified in the Levin Affirmation. Mem. at 14-20. Further, Plaintiff seeks a ten-day extension of the TRO pursuant to Federal Rule of Civil Procedure 65(b)(2) and asserts that it "thereafter seek[s] conversion of the TRO into a preliminary injunction under Rule 65(a)." Mem. at 13-14.

There are numerous deficiencies that preclude the relief sought by Plaintiff.

As an initial matter, Plaintiff is in violation of the express terms of the TRO, obtained on an *ex parte* basis, which expressly required Plaintiff to serve on Defendants by September 7, 2026, the verified complaint, the TRO, and all documents submitted in support of the TRO.

In addition, Plaintiff's most recent "motion" is deficient under the Local Rules because it is unaccompanied by a notice of motion that specifies "the applicable rules or statutes pursuant to which the motion is brought, and [] the relief sought by the motion." Local Rules § 7.1(a)(1).

Simply put, there is no motion before the Court on which it properly can rule.

Moreover, Plaintiff now, in a sudden procedural shift with no explanation and without having effectuated service on all Defendants of the complaint, its initial *ex parte* application, the TRO, or the pending memorandum of law and related materials at ECF Nos. 33-35,[1] seeks on an *ex parte* basis to extend the TRO and then convert it into a preliminary injunction under Rule 65. In its original motion for a TRO, which made no mention of a preliminary injunction, Plaintiff explicitly sought a temporary restraining order granting pre-judgment attachment of certain bank or financial accounts and prohibiting the transfer of assets in those accounts pursuant to New York Civil Practice Law and Rules Sections 6201, 6202, 6210, 6211, 6214, and Federal Rule of Civil Procedure 64. Accordingly, on September 3, 2026, the Court granted the requested TRO and preliminary order of attachment, which by the express terms of the Order would expire in fourteen days on September 17. [ECF No. 5]. In so doing, the Court noted that there was no issue posed by the Supreme Court's decision in *Grupo Mexicano de Desarrolo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), which held that a district court has no authority pursuant to Federal Rule of Civil Procedure 65 to issue a preliminary injunction preventing the disposing of assets pending adjudication of a claim for money damages. The Court found *Grupo Mexicano* inapplicable in this case because the basis for the TRO was New York Civil Practice Law and Rules Section 6210, and not Rule 65. [ECF No. 5]; *see Bollenbach v. Haynes*, No. 18-cv-997, 2018 WL 4278347, at *1 (S.D.N.Y. May 29, 2018) (finding *Grupo Mexicano* inapplicable "because [plaintiff] does not invoke Rule 65 as a basis for the temporary restraining order, but instead relies solely on CPLR § 6210").

[1] Indeed, the materials at ECF Nos. 33-35 have been retroactively placed under seal in violation of this Court's Individual Rules of Practice in Civil Cases § 9 ("Individual Rules"), which governs the procedure for filing sealed documents. *See* Individual Rules § 9.

However, Plaintiff now attempts to move *ex parte* and with no notice of motion for an extension of the TRO, both temporally and in terms of the scope of the assets it affects, and a preliminary injunction under Rule 65 with no explanation as to the propriety or basis for so doing. Section 6210 provides an *ex parte* remedy "pending the determination of a motion on notice for an order of attachment." *Rexton Realty Co. v. Goliszeski*, No. 18-CV-10519 (VSB), 2018 WL 11355155, at *1 (S.D.N.Y. Nov. 14, 2018) ("New York law [pursuant to Section 6210] allows for the issuance of a temporary restraining order pending the determination of a motion on notice for an order of attachment."); *Concord Asset Mgmt., Inc. v. Intercredit Corp.*, No. 92-cv-7756 (JFK), 1992 WL 373477, at *2 (S.D.N.Y. Dec. 3, 1992) (New York "provides for two *ex parte* remedies pending a hearing on an attachment motion: a temporary attachment under CPLR 6211 or a temporary restraining order prohibiting the transfer of assets by a garnishee under CPLR 6210."). That is precisely what the Court did in its September 3 TRO.

Even assuming the propriety of now moving for a preliminary injunction under Rule 65, Plaintiff has not provided adequate notice to all Defendants. *See* Fed. R. Civ. P. 65(a) ("The court may issue a preliminary injunction only on notice to the adverse party.")

Accordingly, in light of the numerous deficiencies detailed above, IT IS HEREBY ORDERED that Plaintiff's request is denied. If Plaintiff desires to convert the TRO into a preliminary injunction and thereby extend the pre-judgment order of attachment beyond the expiration of the TRO, Plaintiff must serve and file a properly noticed motion that specifies "the applicable rules or statutes pursuant to which the motion is brought, and [] the relief sought by the motion." Local Rules § 7.1(a)(1). Plaintiff must provide the specific authority for the Court to issue a preliminary injunction with respect to the pre-judgment order of attachment and asset freeze it issued on a temporary basis. Further, Plaintiff must serve with the complaint all Defendants against whom relief is sought, serve the prior *ex parte* application for TRO and the TRO, and

provide adequate notice of any motion for a preliminary injunction to Defendants in order to afford them an opportunity to be heard on the motion. Should Plaintiff continue to seek to convert the TRO into a preliminary injunction pursuant to Rule 65, it must specifically address why such a request does not run afoul of the Supreme Court's decision in *Grupo Mexicano*.

Nonetheless, in order to maintain the status quo and to avoid the dissipation of assets, IT IS FURTHER ORDERED that the TRO is extended for fourteen days for good cause in light of Plaintiff's efforts thus far to attempt to serve Defendants and provide adequate notice of these proceedings. IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 64 and New York Civil Practice Law and Rules Section 6210 and for the same rationale set forth in the Court's Order granting the TRO, the TRO is modified to extend its scope to include the Newly Discovered Accounts as set forth in Schedule A of the Levin Affirmation at ECF No. 34.

Given the extension of the TRO, IT IS FURTHER ORDERED that, **on or before September 21, 2026**, Plaintiff shall file a letter addressing whether it intends to file a properly noticed motion to convert the TRO into a preliminary injunction and thereby extend the pre-judgment order of attachment and asset freeze beyond the new expiration date of the TRO. In its letter, Plaintiff, after conferring with Defendants, to the extent possible, shall provide a proposed briefing schedule on its contemplated motion.

**SO ORDERED.**

Mary Kay Vyskocil

**Date: September 17, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**