UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026,

*Plaintiff,*

-against-

PENINSULA CAPITAL TRUST, PENINSULA ACCUMULATOR TRUST, PENINSULA ACCELERATOR TRUST, MANHATTAN PRIVATE CREDIT MARKETS LLC, MANHATTAN ST NOTES LLC, MANHATTAN 5 OCEANS PARTNERS LLC, SAVILLE FIDUCIARY CORPORATION f/k/a GLOBAL PATENT & ASSERTION CAPITAL CORPORATION, DIGITANWORKS AG, DOVERA CAPITAL PTY LTD, RODGERS AND ASSOCIATES LLC, PERSHING INSURANCE BOND, LLC a/k/a PERSHING SPECIALTY RISK LLC, CROWN GLOBAL DMCC, MANHATTAN PRIVATE CREDIT (SEYCHELLES), BRAYDEN CRAIG a/k/a NOEL LUXETON a/k/a SCOTT CAMPBELL FISHER a/k/a NOEL AVASONIS a/k/a SEAN CARTIER a/k/a BENNET BRAYDEN RICHARDS a/k/a TRENT SCOTT WALLACE STRONG a/k/a SCOTT WILLIAMS, CAROL ANN HUNTER, TIM BENTLEY, ANDREW MACKENZIE MELVILLE a/k/a ANDREW MELVILLE, JENNIFER LYNN RODGERS a/k/a JENNIFER ROGERS, DANIEL BENZ, LUKE ADEBIYI, and NIGEL CATT,

*Defendants.*

Case No.: 1:26-cv-7519 (MKV)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO FILE UNDER SEAL**

---

## TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

FACTUAL BACKGROUND ........ 2

ARGUMENT ........ 4

I. The Presumption of Access Attaches to the Motion Papers ........ 5

II. The Weight of the Presumption is Low ........ 5

III. Competing Considerations Favor Temporary Sealing ........ 6

CONCLUSION ........ 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amodeo I*,
44 F.3d ........ 5, 6

*Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*,
26 F.Supp.2d 606 (S.D.N.Y. 1998) ........ 7

*FDIC v. Ernst & Ernst*,
677 F.2d 230 (2d Cir. 1982) ........ 4

*IBM Corp. v. Micro Focus (US), Inc.*,
2024 WL 340995 (S.D.N.Y. Jan. 30, 2024) ........ 8

*In re New York Times Co.*,
828 F.2d 110 (2d Cir. 1987) ........ 4

*Lugosch v. Pyramid Co. of Onondaga*,
435 F.3d 110 (2d Cir. 2006) ........ 4, 5

*Monterey Bay Military Housing, LLC v. Ambac Assurance Corp.*,
2024 WL 5076424 ........ 5, 6

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978) ........ 4

*Parker v. Burson*,
2026 WL 2389567 ........ 8

*Roberto Coin v. Goldstein*,
2020 WL 13564045 ........ 8

*U.S. v. Amodeo*,
44 F.3d 141 (2d Cir. 1995) ........ 5

*United States v. Amodeo*,
71 F.3d 1044 (2d Cir. 1995) ........ 4, 5, 6

## INTRODUCTION

The Plaintiff, through comprehensive and intensive investigation, including the bank accounts subject to the Court's TRO and expedited discovery order, have found substantial sums of money. The Steering Committee on Behalf of the Parties to the JPCIA Dated July 7, 2026 ("Plaintiff" or "MPCM Investors"), by and through its counsel, respectfully submits this Memorandum of Law in Support of its Motion to File Under Seal documents in support of Plaintiff's *Ex Parte* Emergency Motion to Modify the TRO and Appoint Escrow Agent (the "Modification Motion"). Plaintiff seeks to file the following documents under seal temporarily (collectively, the "Proposed Sealing Documents"): the Memorandum of Law in Support of Plaintiff's *Ex Parte* Emergency Motion to Modify the TRO and Appoint Escrow Agent; the Affirmation of Neal H. Levin in Support of Plaintiff's *Ex Parte* Emergency Motion to Modify the TRO and Appoint Escrow Agent, sworn to on September 18, 2026 and any supporting exhibits thereto, and the Proposed Order. Complete unredacted copies of the Proposed Sealing Documents are concurrently submitted for the Court's review.

In the absence of a sealing order, Plaintiff will suffer irreparable harm. The Modification Motion contains detailed information regarding the asset tracing investigation, including the specific amounts and locations of traceable funds, the identity and cooperation of a non-party, and the methodology used to trace funds through multiple entities. If this information is made public, Defendants, who have been served but have not appeared in this action, could use the information to move the investment funds beyond the Court's reach, jeopardize the arrangement with the cooperating non-parties, and potentially take other evasive actions to frustrate Plaintiff's ongoing recovery efforts.

Notably, this Court has already granted Plaintiff's motion to seal the original Complaint, White Affidavit, Levin Affirmation, and Memorandum of Law in connection with the initial TRO motion. *See* ECF No. 8. The same reasons that justified that sealing order apply with even greater force here, because the Modification Motion contains specific asset tracing information, details regarding a pending escrow arrangement with cooperating non-parties, and the precise amount and location of traceable funds. Plaintiff only asks to keep these Proposed Sealing Documents confidential for fourteen (14) days after entry of any order on the Modification Motion, or until the escrow arrangement is finalized, whichever is earlier.

## FACTUAL BACKGROUND

This action is brought by hundreds of MPCM Investors to recover no less than a net investment total of $105,892,547.02 that they invested with and through Defendants between October 2024 and July 2026. *See* Compl., ¶4; White Aff., ¶ 7. Individually, and in concert with one another, Defendants fraudulently represented to MPCM Investors, both orally and in writing, that their funds would be placed in legitimate, secure investment vehicles with Manhattan Private Credit Markets LLC ("MPCM"). Defendants falsely assured investors in MPCM (the "MPCM Investors") that they would receive a timely return on investment for all of these funds, knowing that the funds would not be used for investment purposes as stated. In total, 572 investments were made by 373 MPCM Investors.

On September 2, 2026, Plaintiff initiated this litigation and moved for and was granted an Order Granting Motion for Temporary Restraining Order, a Pre-Judgment Order of Attachment, and Expedited Discovery on September 3, 2026. *See* ECF No. 5. As stated in the TRO Order, the Court found that "Plaintiffs are likely to succeed on the merits of their claim. Plaintiffs have sufficiently pled facts evidencing a scheme by Defendants to obtain millions of dollars of funds

from hundreds of victims under fraudulent pretenses." Order at ECF No. 5, p. 5. On September 16, 2026, the Court modified and extended the TRO.

Through Plaintiff's ongoing investigation and the expedited discovery authorized by the Court, Plaintiff was able to unravel one thread of Defendants' fraud and identify funds that could be used to reimburse the MPCM Investors for their losses.

Through negotiations with cooperating non-parties, Plaintiff's counsel has obtained an agreement in principle to turn over investment funds to a third-party, independent escrow agent on behalf of Defendants MPCM and MSTN, both of whom have been properly served though have not appeared in these proceedings. *See* Affidavit of Service on MSTN at ECF No. 24; Affidavit of Service on MPCM at ECF No. 25. The escrow agent would hold these funds in a segregated account to be preserved during the pendency of this action. *See* Affirmation of Neal H. Levin in Support of Plaintiff's *Ex Parte* Emergency Motion to Modify the TRO and Appoint Escrow Agent. The Modification Motion now before the Court seeks to formalize this arrangement by extending the asset freeze to the newly identified investment funds, directing those funds into a neutral, court-approved escrow account, and appointing an independent escrow agent to hold the investment funds.

The documents Plaintiff seeks to file under seal include the Memorandum of Law in Support of Plaintiff's *Ex Parte* Emergency Motion to Modify the TRO and Appoint Escrow Agent, the Affirmation of Neal H. Levin in Support of Plaintiff's *Ex Parte* Emergency Motion to Modify the TRO and Appoint Escrow Agent and supporting exhibits, and the Proposed Order (the "Proposed Sealing Documents"). These documents contain, *inter alia*, the following sensitive information: (i) details of the fund tracing investigation, including the specific chain of transfers; (ii) the identity and cooperation of non-parties; (iii) the specific amount and location of traceable

funds; (iv) details of the ongoing investigation and asset recovery strategy; and (v) account information and fund flow details. Unless this information is kept under seal, the monies held by the cooperating non-parties will almost certainly be further dissipated by Defendants.

The Manhattan Entities' failure to appear, combined with the Court's prior findings regarding the sophistication of Defendants' scheme, demonstrates a significant risk that Defendants will take steps to move assets beyond this Court's reach if the Proposed Sealing Documents are made public.

## **ARGUMENT**

This Court has "supervisory power over its own records and files," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and may seal documents after "weighing the interests advanced by the parties in light of the public interest and the duty of the courts." *Id.* at 602; *FDIC v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982) ("It is beyond question that a court may issue orders prohibiting disclosure of documents or information."); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Although there is a presumption of public access to court documents, such access must be weighed against the danger of impairing judicial efficiency as well as a party's privacy interests. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Even if there were a qualified First Amendment right of access to the redacted portions of the Confidential Material, the redactions may be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (*quoting In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal. *Monterey Bay Military Housing, LLC v. Ambac Assurance Corp.*, 2024 WL 5076424 at *1, Index No. 19 Civ. 9193 (S.D.N.Y. Dec. 11, 2024).

## I. The Presumption of Access Attaches to the Motion Papers

In the first instance, "[a] court must first determine whether the presumption of access attaches. A presumption of access attaches to any item that constitutes a 'judicial document'—i.e., an 'item . . . relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* at *1 (*citing Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115 (2d Cir. 2006) (*quoting U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"))).

The documents that Plaintiff seeks to file under seal include the Memorandum of Law in Support of Plaintiff's *Ex Parte* Emergency Motion to Modify the TRO and Appoint Escrow Agent, the Affirmation of Neal H. Levin in Support of Plaintiff's *Ex Parte* Emergency Motion to Modify the TRO and Appoint Escrow Agent and supporting exhibits, and the Proposed Order. These documents are judicial documents within the meaning of the Second Circuit's precedent, as they are submitted to the Court in support of Plaintiff's *Ex Parte* Emergency Motion to Modify the TRO and Appoint Escrow Agent and are relevant to the performance of the judicial function. Accordingly, Plaintiff concedes that a presumption of public access attaches to these documents.

## II. The Weight of the Presumption is Low

Second, if the court determines that the item to be sealed is a judicial document, the court must then determine the weight of the presumption of access. *Monterey Bay Military Housing, LLC*, 2024 WL 5076424 at *1 (*citing Amodeo I*, 44 F.3d at 119) (*quoting U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial

power and the resultant value of such information to those monitoring the federal courts." *Id.* (*quoting Amodeo II*, 71 F.3d at 1049).

The information that Plaintiff seeks to seal is not publicly available anywhere. This information is the result of substantial investigation and research by Plaintiff, individual MPCM Investors and their counsel. The Proposed Sealing Documents contain the fruits of Plaintiff's investigation into Defendants' fraud—specifically, the precise chain of fund transfers, the identity of a cooperating non-party, and details of a pending escrow arrangement. While the Modification Motion is relevant to the Court's exercise of judicial power, the underlying investigative details contained in the supporting papers are of limited relevance to those monitoring the federal courts. Accordingly, the weight of the presumption of access is low.

## III. <u>Competing Considerations Favor Temporary Sealing</u>

Third, "[a]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Monterey Bay Military Housing, LLC*, 2024 WL 5076424 at *1 (*quoting Amodeo I*, 44 F.3d at 120) (*quoting Amodeo II*, 71 F.3d at 1050). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Monterey Bay Military Housing, LLC*, 2024 WL 5076424 at *1 (*quoting Amodeo I*, 44 F.3d at 120) (*quoting Amodeo II*, 71 F.3d at 1050).

Here, the competing considerations overwhelmingly favor temporary sealing. The Proposed Sealing Documents contain detailed asset tracing information and details of a pending escrow arrangement with a cooperating non-party that, if disclosed, would cause irreparable harm to Plaintiff's recovery efforts. Specifically, the Modification Motion reveals the precise chain of fund transfers, and the specific amount of traceable funds. If this information is made public,

Defendants could take steps to move these funds beyond the Court's reach before the escrow arrangement is finalized.

Moreover, the Proposed Sealing Documents identify cooperating non-parties who have agreed in principle to turn over the newly identified funds to a neutral escrow agent. Premature disclosure of this cooperation arrangement could jeopardize the non-parties' willingness to cooperate and undermine the pending arrangement. In addition, the Manhattan Entities' failure to appear in this action despite service further demonstrates the risk of asset dissipation. This Court has already found that Defendants "are capable of dispersing the purportedly fraudulently obtained funds in a manner that would prevent Plaintiffs' recovery absent immediate action." TRO Order at ECF No. 5, p. 5. Making the Modification Motion papers public would provide Defendants with a roadmap to frustrate the very relief the motion seeks.

If this information is made public, and in particular to Defendants who are alleged to be conducting an ongoing fraud, Plaintiff will undoubtedly suffer irreparable harm. Irreparable harm is good cause for an order granting a motion to seal documents. *See Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F.Supp.2d 606, 614 (S.D.N.Y. 1998) (granting motion to seal and stating that "the Court finds that defendants would suffer irreparable harm from disclosure of the confidential information . . . [and] that the harm from disclosure of such information outweighs the public's interest in access to it and, thus, the information should be sealed").

Moreover, it is in the public interest that the Proposed Sealing Documents be kept under seal temporarily. Defendants' scheme has impacted nearly 400 registered claimants, Plaintiff, and an estimated 541 investors of record of MPCM debt products, with losses potentially exceeding $250,000,000.00. *See* Compl., ¶4; White Aff., ¶ 7. Granting a sealing order will serve the public

interest in preventing the ongoing dissipation of assets traceable to a fraudulent securities offering, deterring similar conduct, and preserving assets for the benefit of defrauded investors.

Importantly, this Court has already granted a substantially similar sealing motion in this very case. *See* ECF No. 8. The same rationale applies with even greater force here because the Modification Motion contains not only investigative details about Defendants' fraud but also specific information regarding a pending escrow arrangement with a cooperating non-party—information that, if disclosed, would directly undermine the efficacy of the relief being sought.

Plaintiff only seeks a temporary order to keep the Proposed Sealing Documents confidential. Plaintiff does not intend to keep this under seal forever. Plaintiff only asks to keep these Proposed Sealing Documents confidential for fourteen (14) days after entry of any order on the Modification Motion, or until the escrow arrangement is finalized, whichever is earlier. Temporary sealing orders have been granted by the Second Circuit. *See Parker v. Burson*, 2026 WL 2389567, *2, Index No. 24-CV-0245 (S.D.N.Y. Aug. 17, 2026). *See also IBM Corp. v. Micro Focus (US), Inc.*, 2024 WL 340995, at *1 (S.D.N.Y. Jan. 30, 2024) (granting application to keep documents under seal and available only to selected parties due to confidential information contained therein); *Roberto Coin v. Goldstein*, 2020 WL 13564045, Index No. 18-CV-4045, at *4 (E.D.N.Y. Mar. 30, 2020) (granting Plaintiff's motion to file certain exhibits to a Declaration containing trade secrets and other highly competitive information under seal for thirty 30 days until defendant could show cause as to why the documents should be made public).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that an order for a temporary sealing of the Proposed Sealing Documents be granted and such other and further relief that the Court may deem appropriate.

Dated: September 21, 2026
New York, New York

**RIMON, P.C.**

By: *<u>/s/ Neal H. Levin</u>*
Neal H. Levin (NL7164)
Laura-Michelle Horgan (LR7799)
Meghan L. Lavine (4787321)
400 Madison Avenue
New York, NY 10017
Neal.Levin@rimonlaw.com
LMHorgan@rimonlaw.com
Meghan.Lavine@rimonlaw.com

*Attorneys for Plaintiff*