UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026,<br><br>Plaintiff,<br><br>-against-<br><br>PENINSULA CAPITAL TRUST, PENINSULA ACCUMULATOR TRUST, PENINSULA ACCELERATOR TRUST, MANHATTAN PRIVATE CREDIT MARKETS LLC, MANHATTAN ST NOTES LLC, MANHATTAN 5 OCEANS PARTNERS LLC, SAVILLE FIDUCIARY CORPORATION f/k/a GLOBAL PATENT & ASSERTION CAPITAL CORPORATION, DIGITANWORKS AG, DOVERA CAPITAL PTY LTD, RODGERS AND ASSOCIATES LLC, PERSHING INSURANCE BOND, LLC a/k/a PERSHING SPECIALTY RISK LLC, CROWN GLOBAL DMCC, MANHATTAN PRIVATE CREDIT (SEYCHELLES), BRAYDEN CRAIG a/k/a NOEL LUXETON a/k/a SCOTT CAMPBELL FISHER a/k/a NOEL AVASONIS a/k/a SEAN CARTIER a/k/a BENNET BRAYDEN RICHARDS a/k/a TRENT SCOTT WALLACE STRONG a/k/a SCOTT WILLIAMS, CAROL ANN HUNTER, TIM BENTLEY, ANDREW MACKENZIE MELVILLE a/k/a ANDREW MELVILLE, JENNIFER LYNN RODGERS a/k/a JENNIFER ROGERS, DANIEL BENZ, LUKE ADEBIYI, and NIGEL CATT,<br><br>Defendants. | Index No. 1:26-cv-7519 (MKV)<br><br>**<u>DECLARATION OF NEAL H. LEVIN IN SUPPORT OF MOTION TO FILE UNDER SEAL</u>** |

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, NEAL H. LEVIN, ESQ., declare and state as follows:

1. I am over eighteen years of age and have knowledge of the facts set forth herein. I make this Declaration based upon my personal knowledge, my firm's investigation, records obtained in that

investigation, and communications in which I participated or that I reviewed in the ordinary course of representing Plaintiff.

2. I am a partner at Rimôn P.C., Chair of the Global Fraud, Investigations and Asset Recovery Team, and Head of the Internal Investigations Unit.

3. I am counsel to Plaintiff THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026 (the "Plaintiff" or "MPCM Investors").

4. I respectfully submit this Declaration in support of Plaintiff's Motion to File Under Seal Plaintiff's Memorandum in Support of its *Ex Parte* Emergency Motion to Modify TRO Order and for Appointment of Escrow Agent ("the Memorandum of Law"); the Affirmation of Neal H. Levin in Support of Plaintiff's *Ex Parte* Emergency Motion to Modify TRO Order and for Appointment of Escrow Agent ("Levin Affirmation"); and the Proposed Order ("Proposed Order" (collectively, the "Proposed Sealing Documents").

5. The proposed redacted version of the Memorandum of Law is annexed hereto as **Exhibit 1**.

6. The proposed redacted version of the Levin Affirmation is annexed hereto as **Exhibit 2**.

7. The proposed redacted version of the Proposed Order is annexed hereto as **Exhibit 3**.

8. On September 3, 2026, the Court entered a Temporary Restraining Order and Pre-Judgment Order of Attachment (ECF No. 5) (the "September 3 Order"). In granting that relief, the Court found that the record described sophisticated Defendants capable of dispersing allegedly fraudulently obtained funds through a complex array of financial institutions, corporate entities, and foreign vehicles in a manner that could prevent Plaintiff's recovery absent immediate action. The Court further found that Plaintiff was likely to suffer irreparable harm without temporary injunctive relief.

6. The Proposed Sealing Documents concern newly identified funds traceable to MPCM Investors, as well as ongoing efforts to obtain cooperation from non-parties to transfer those funds into a neutral, Court-supervised custodial arrangement. The discovered funds were paid by MPCM Investors to

MPCM and MSTN and thereafter to certain third-parties. Hence, the return of those funds by non-parties to this litigation would technically be made to Defendants MPCM and MSTN.

7. The Proposed Sealing Documents disclose non-public information concerning the location and status of the funds, the entities through which those funds traveled, the identity and role of cooperating non-parties, the existence and terms of ongoing communications, and the mechanism presently being developed to preserve the funds.

8. Plaintiff seeks *ex parte* relief because advance disclosure would create a substantial risk that Defendants or persons acting with or on their behalf could interfere with, delay, obstruct, or attempt to thwart the cooperation and agreement in principle that Plaintiff has obtained concerning preservation of the funds.

9. That concern is not speculative or materially different from the concern underlying Plaintiff's original *ex parte* application. In the prior application, Plaintiff requested temporary sealing because disclosure of identified bank accounts before service of the Court's restraint would provide Defendants with notice of the accounts being targeted and an opportunity to transfer, conceal, encumber, dissipate, or otherwise place the funds beyond reach.

10. The Court has already determined that this risk is legitimate. The September 3 Order recognized that Defendants' sophistication, use of numerous entities and foreign vehicles, and ability to disperse assets created a danger that recovery would be frustrated absent immediate action.

11. The same rationale applies here. The newly identified funds constitute a potentially recoverable pool of investor funds. Disclosure before the Court can act would reveal not only the source and present location of the funds, but also the cooperation upon which Plaintiff relies and the proposed method for directing those funds to a third-party, independent escrow agent or other neutral custodian.

12. Premature disclosure would effectively provide a roadmap to the very actors whose alleged conduct necessitated the existing TRO. It could afford those actors an opportunity to contact or pressure cooperating persons, contest or revoke necessary consents, assert control through intermediary entities,

direct that the funds be returned elsewhere, or otherwise interfere with the contemplated transfer before the funds are secured.

13. Just as advance disclosure of previously identified bank accounts could permit funds to be moved before restraint, advance disclosure of the newly identified funds could permit interested actors to frustrate the cooperation or transfer before the escrow agent is in place. In either situation, public disclosure could defeat the purpose of the requested relief.

14. The prior declaration submitted in support of sealing explained that Plaintiff's investigation had produced a working roadmap identifying assets and financial institutions and that public disclosure could enable Defendants to determine which assets were at risk and move or conceal them. The Proposed Sealing Documents involve the same asset-preservation concern, now applied to a specific recovery opportunity uncovered through the continuing investigation.

15. The cooperating non-parties are not Defendants in this action. Plaintiff is not seeking to restrain the cooperating parties' unrelated property or impose a general receivership. Plaintiff seeks a narrowly limited mechanism by which funds traceable to the MPCM Investors may be remitted to a Court-approved neutral and preserved pending further order. Protecting the confidentiality of the cooperation and proposed mechanism until the Court rules is necessary to avoid jeopardizing that limited relief.

16. The request is narrowly tailored. Plaintiff does not seek permanent sealing or sealing of the entire action. Plaintiff requests that the Proposed Sealing Documents remain under seal only until fourteen days following the date upon which the Court might grant the motion and the contemplated restraint and custodial transfer can be implemented.

17. Temporary sealing will preserve the Court's ability to adjudicate the requested relief effectively. By contrast, if the Proposed Sealing Documents are publicly disclosed before the Court acts, any resulting interference with the cooperating parties or disposition of the funds may be irreversible, and the identified recovery opportunity may be lost.

18. The interest in temporary confidentiality substantially outweighs any present public-access interest because the sealing request is directed only to non-public asset-location information, protected communications concerning an ongoing recovery effort, and details that could facilitate interference with Plaintiff's ability to preserve assets now controlled by Defendants. Plaintiff will promptly comply with any direction to file public or redacted versions once the risk of interference has been addressed.

19. Accordingly, Plaintiff respectfully requests an Order permitting the Proposed Sealing Documents to be filed under seal and maintained under seal pending adjudication and implementation the requested *ex parte* relief, together with such further relief as the Court deems just and proper.

20. No previous application has been made for the precise relief requested herein, except Plaintiff's August 2026 application to temporarily seal its original TRO, attachment, and expedited-discovery papers based upon the related risk that advance disclosure would permit dissipation or concealment of identified assets.

I, Neal H. Levin, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: New York, New York
September 21, 2026

/s/ *Neal H. Levin*
Neal H. Levin