UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026,

Plaintiff,

-against-

PENINSULA CAPITAL TRUST, PENINSULA ACCUMULATOR TRUST, PENINSULA ACCELERATOR TRUST, MANHATTAN PRIVATE CREDIT MARKETS LLC, MANHATTAN ST NOTES LLC, MANHATTAN 5 OCEANS PARTNERS LLC, SAVILLE FIDUCIARY CORPORATION f/k/a GLOBAL PATENT & ASSERTION CAPITAL CORPORATION, DIGITANWORKS AG, DOVERA CAPITAL PTY LTD, RODGERS AND ASSOCIATES LLC, PERSHING INSURANCE BOND, LLC a/k/a PERSHING SPECIALTY RISK LLC, CROWN GLOBAL DMCC, MANHATTAN PRIVATE CREDIT (SEYCHELLES), BRAYDEN CRAIG a/k/a NOEL LUXETON a/k/a SCOTT CAMPBELL FISHER a/k/a NOEL AVASONIS a/k/a SEAN CARTIER a/k/a BENNET BRAYDEN RICHARDS a/k/a TRENT SCOTT WALLACE STRONG a/k/a SCOTT WILLIAMS, CAROL ANN HUNTER, TIM BENTLEY, ANDREW MACKENZIE MELVILLE a/k/a ANDREW MELVILLE, JENNIFER LYNN RODGERS a/k/a JENNIFER ROGERS, DANIEL BENZ, LUKE ADEBIYI, and NIGEL CATT,

Defendants.

Index No. 1:26-cv-7519 (MKV)

**AFFIRMATION OF NEAL H. LEVIN IN SUPPORT OF PLAINTIFF'S *EX PARTE* EMERGENCY MOTION TO MODIFY TRO ORDER AND FOR APPOINTMENT OF ESCROW AGENT**

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

NEAL H. LEVIN, ESQ., pursuant to 28 U.S.C. § 1746 and under penalty of perjury, affirms as follows:

1. I am a partner at Rimôn P.C., Chair of the Global Fraud, Investigations and Asset Recovery Team, and Head of the Internal Investigations Unit. I am counsel to Plaintiff THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026 (the "Plaintiff" or "MPCM Investors"). I submit this Affirmation based upon my personal knowledge, my firm's investigation, records obtained in that investigation, and communications in which I participated or that I reviewed in the ordinary course of representing Plaintiff.

2. On September 3, 2026, the Court entered an Order granting a Temporary Restraining Order, a Pre-Judgment Order of Attachment, and expedited discovery (ECF No. 5) (the "September 3 Order"). The Court found, among other things, that Plaintiff was likely to succeed on the merits, that the pleadings described a sophisticated scheme capable of dispersing allegedly fraudulently obtained funds, and that Plaintiff was likely to suffer irreparable harm absent immediate relief.

3. On September 17, 2026, the Court modified and extended the September 3 Order. Plaintiff now seeks limited additional relief to preserve roughly US $12,000,000.00 in cash that Plaintiff's counsel has recently discovered traced directly to MPCM Investors investment. Accordingly, Plaintiff seeks an order modifying the existing restraint and attachment to specifically include these funds within the Temporary Restraining and Attachment Orders and appointing an Escrow Agent, solely to receive, preserve, account for, and hold those funds subject to further order of the Court.

4. Between October 2024 and July 2026, MPCM Investors invested approximately US $250,000,000.00 with or through certain of the Defendant entities. The MPCM Investors were told that their funds would be placed in legitimate and secure investment vehicles, though they were not. [redacted]

5. The investigation further indicates that these investor funds flowed from Defendant Manhattan ST Notes LC ("MSTN") to Manhattan Private Credit Markets LLC ("MPCM") [redacted]

6. The timing of these transfers is significant. [redacted]

7. Based upon information gathered and provided by individuals as part of Plaintiff's investigation, including [redacted]

8. [redacted]

9. The documentary record also confirms that [redacted]

10. [redacted]

11. [redacted]

12. [redacted]

13. Because [redacted], appointment of an escrow agent is necessary to take possession of the funds. The escrow agent's authority can be narrowly confined to accepting the remittance, establishing a segregated interest-bearing account, maintaining the funds without distribution, providing statements or reports as directed by the Court, and complying with further orders concerning the funds.

14. This requested relief would not determine ultimate ownership, lien priority, tracing, setoff, allocation, or entitlement to distribution. It would preserve the *status quo* and prevent the identified funds from being returned to MSTN, MPCM, their controllers, or any other person aligned with Defendants before the Court can adjudicate the parties' rights.

15. The need for a neutral recipient is immediate. MSTN and MPCM have been served with the Summons, Complaint, September 3 Order, and supporting motion papers, but have not appeared. *See* Affidavit of Service on MSTN at ECF No. 24; Affidavit of Service on MPCM at ECF No. 25. Returning

the identified funds to entities whose principals have not appeared and whose alleged conduct prompted the existing restraint would expose the funds to the precise risk of dissipation and concealment that the September 3 and September 17 Orders was intended to prevent.

16. An escrow agent would be substantially less intrusive than a general receivership. The escrow agent would not operate any business, adjudicate claims, make distributions, or exercise general control over any Defendant. The escrow agent would serve only as a neutral, Court-supervised custodian for the identified [redacted] funds.

17. Plaintiff therefore respectfully requests that the Court modify the September 3 Order, as previously extended and modified on September 17, to appoint an escrow agent to receive directly from [redacted] the remaining investor funds, presently identified as [redacted]; maintain them in a segregated, interest-bearing account in custodia legis; prohibit any withdrawal, transfer, encumbrance, pledge, distribution, offset, or other disposition absent further order; and provide such reporting as the Court directs.

18. To effectuate this relief, Plaintiff's submit that Verita Trustee and Fiduciary Services as Escrow Agent. Their experience and skill set ae well-suited for this appointment. I have known Verita to be competent and skilled (see Verita services pamphlet attached hereto as **Exhibit 1**). I have further reviewed the terms of the engagement (see Fund Services Agreement attached hereto as **Exhibit 2**) and believe them reasonable.

19. No prior application has been made for the precise relief requested herein, except that Plaintiff's prior applications sought and obtained the existing temporary restraint, attachment, and related asset-preservation relief.

Dated: New York, New York
September 21, 2026

/s/Neal H. Levin
Neal H. Levin