# EXHIBIT 2

# FUND SERVICES AGREEMENT

This Agreement is entered into as of _______________, 2026, between ________ ("Client") and Verita Global, LLC (together with its affiliates, "Verita").

In consideration of the premises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**1. SERVICES**. Verita agrees to provide Client with account set-up, fund services and such other services as may be agreed by the parties in writing and as listed on Exhibit A (the "Services"). Client acknowledges and agrees that Verita will often take direction from Client's representatives, employees, agents and/or professionals (collectively, the "Client Parties") with respect to the Services. The parties agree that Verita may rely upon, and Client agrees to be bound by, any requests, advice or information provided by the Client Parties to the same extent as if such requests, advice or information were provided by Client. Client agrees and understands that Verita shall not provide Client or any other party with any legal advice.

**2. PRICES, CHARGES AND PAYMENT**. Verita agrees to charge and the Client agrees to pay Verita the fees and charges set forth in Exhibit B for the Services. Verita's prices are generally adjusted periodically to reflect changes in the business and economic environment and are inclusive of all charges. If any price increase exceeds 10%, Verita will give thirty (30) days written notice to the Client. Client acknowledges that any estimate that may be provided by Verita is based on information provided by Client to Verita and actual fees and expenses may vary depending on the circumstances of the additional services to be provided. Client agrees to pay the reasonable, pre-approved charges incurred by Verita in connection with Services, including, but not limited to, transportation, lodging, meals.

Verita agrees to submit its invoices to Client and Client agrees that the amount invoiced is due and payable upon receipt. If any amount is unpaid as of thirty (30) days from the receipt of the invoice, the Client further agrees to pay a late charge (the "Finance Charge"), calculated as two and one-half percent (2-1/2%) of the total amount unpaid every thirty (30) days. In the case of a dispute in the invoice amount, Client shall give written notice to Verita within twenty (20) days of receipt of the invoice by Client.

**3. FURTHER ASSURANCES**. To the extent applicable, Client agrees that it will use its best efforts to include provisions reasonably acceptable to Verita in any relevant court order, settlement agreement or similar document that provide for the payment of Verita's fees and expenses hereunder.

**4. RIGHTS OF OWNERSHIP**. The parties understand that the software programs and other materials furnished by Verita to Client and/or developed during the course of the performance of Services are the sole property of Verita. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation. Client agrees not to copy or permit others to copy the source code from the support software or any other programs or materials furnished to Client. Fees and expenses paid by Client do not vest in Client any rights in such property, it being understood that such property is only being made available for Client's use during and in connection with the Services provided by Verita.

**5. CONFIDENTIALITY**. Each of Verita and Client, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the Services; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body it may, upon not less than five (5) business days' written notice to the other party, release the required information. These provisions shall survive termination of Services.

6. **ARTIFICIAL INTELLIGENCE (AI)**. Verita may use AI-assisted tools solely to support service delivery (e.g., data processing, fraud detection, communications). Such tools do not independently make decisions affecting individuals. Personal information processed via such tools is subject to the same contractual restrictions, security measures, and data protection obligations as all other processing, and is not used to train shared or third-party AI models.

**7. BANK ACCOUNTS**. Verita shall be authorized to establish accounts with financial institutions as agent for Client or as otherwise agreed by the parties in the performance of the Services (each, an "Account"). All Accounts established under this Agreement shall be deposit accounts with commercial banks with Tier 1 capital exceeding $1 billion or with an average rating above investment grade by S&P (LT Local Issuer Credit Rating), Moody's (Long Term Rating) and Fitch Ratings, Inc. (LT Issuer Default Rating) (each as reported by Bloomberg Finance L.P.). These shall be deemed to have been opened at the direction of the Client. Verita may from time to time receive interest, dividends or other earnings in connection with such deposits or investments as compensation for services provided under this agreement.

Client acknowledges that the Account will be held and maintained by Verita as agent for Client. The amounts held in the Account, once transferred into the Account, are held at the sole risk of Client.

Client acknowledges that if it requests to terminate an Account on less than seven days prior written notice of the expected Account funding date it will be charged a break-up fee equal to 25 basis points.

Client shall remain responsible for tax reporting. Verita, on behalf of Client, shall undertake only those tax reporting and withholding services as are reasonably requested by Client in writing. Any such tax related services shall be solely at the direction of Client and Verita may rely on the direction of the Company.

Verita shall make disbursements from an Account upon written direction of the Client. Verita shall have no obligation to follow any direction unless and until Verita is satisfied, in its sole discretion, that the persons executing the direction are authorized to do so. If any amount to be released at any time or under any circumstances exceeds the balance in the Account, Verita will advise of the deficiency in writing, and if the instruction to release is re-confirmed in writing, Verita shall release the balance in the Account and shall have no liability or responsibility for any deficiency. Verita may rely upon and shall not be liable for acting or refraining from acting upon any written notice, court order, document, instruction or request furnished to it by Client, without being required to determine the authenticity or validity thereof or the correctness of any fact stated therein, the propriety or validity of the service thereof, or the jurisdiction of the court issuing any judgment or order. Verita may act in reliance upon any signature believed by it to be genuine and may assume that such person has been properly authorized to do so by Client.

In the event an Account holds funds related to a case under chapter 11 of the United States Bankruptcy Code at the time of confirmation of a plan, Client will be charged a transfer fee of 25 basis points for any Account funds transferred to a non-Verita partner bank post-confirmation.

**8. TERMINATION**. The Services may be terminated by either party (i) upon thirty (30) days' written notice to the other party or (ii) immediately upon written notice for Cause (defined herein). As used herein, the term "Cause" means (i) gross negligence or willful misconduct of Verita that causes serious and material harm to Client, (ii) the failure of Client to pay Verita invoices for more than sixty (60) days from the date of invoice, or (iii) the accrual of invoices or unpaid services where Verita reasonably believes it will not be paid. Termination of Services shall not relieve Client of its obligations to pay all fees and expenses incurred prior to such termination.

In the event that the Services are terminated, regardless of the reason for such termination, Verita shall reasonably coordinate with Client to maintain an orderly transfer of funds held in an Account, data, programs, storage media or other materials furnished by Client to Verita or received by Verita in connection with the Services. Client agrees to pay for such services in accordance with Verita's then existing prices for such services.

**9. LIMITATIONS OF LIABILITY AND INDEMNIFICATION**. Client shall indemnify and hold Verita, its affiliates, members, directors, officers, employees, consultants, subcontractors and agents (collectively, the "Indemnified Parties") harmless, to the fullest extent permitted by applicable law, from and against any and all losses, claims, damages, judgments, liabilities and expenses (including reasonable counsel fees and expenses) (collectively, "Losses") resulting from, arising out of or related to Verita's performance of Services. Such indemnification shall exclude Losses resulting from Verita's gross negligence or willful misconduct. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third-parties against any Indemnified Party. Client shall notify Verita in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that Client becomes aware of with respect to the Services provided by Verita.

Except as provided herein, Verita's liability to Client or any person making a claim through or under Client for any Losses of any kind, even if Verita has been advised of the possibility of such Losses, whether direct or indirect and unless due to gross negligence or willful misconduct of Verita, shall be limited to the greater of (i) the total amount billed to Client and paid to Verita for the Services and (ii) solely in the event of any loss of the Amount Held caused by Verita's gross negligence or willful misconduct, the total Amount Held under Section 6. Other than indemnification obligations in this Agreement, in no event shall Client or Verita be liable for any indirect, special or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the Services. Client agrees that except as expressly set forth herein,

Verita makes no representations or warranties, express or implied, including, but not limited to, any implied or express warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity. The provisions of this Section 8 shall survive termination of Services.

**10. FORCE MAJEURE**. Verita will not be liable for any delay or failure in performance when such delay or failure arises from circumstances beyond its reasonable control, including without limitation acts of God, acts of government in its sovereign or contractual capacity, acts of public enemy or terrorists, acts of civil or military authority, war, riots, civil strife, terrorism, blockades, sabotage, rationing, embargoes, epidemics, pandemics, outbreaks of infectious diseases or any other public health crises, earthquakes, fire, flood, other natural disaster, quarantine or any other employee restrictions, power shortages or failures, utility or communication failure or delays, labor disputes, strikes, or shortages, supply shortages, equipment failures, or software malfunctions.

**11. INDEPENDENT CONTRACTORS**. Verita is and shall be an independent contractor of Client and no agency, partnership, joint venture or employment relationship shall arise, directly or indirectly, as a result of the Services or these Terms and Conditions.

**12. NOTICES**. All notices and requests hereunder shall be given or made upon the respective parties in writing and shall be deemed as given as of the third day following the day it is deposited in the U.S. Mail, postage pre-paid or on the day it is given if sent by facsimile or on the day after the day it is sent if sent by overnight courier to the appropriate address set forth in the Proposal or to such other address as the party to receive the notice or request so designates by written notice to the other.

**13. APPLICABLE LAW**. These Terms and Conditions will be governed by and construed in accordance with the laws of the State of California, without giving effect to any choice of law principles.

**14. ENTIRE AGREEMENT; MODIFICATIONS; SEVERABILITY; BINDING EFFECT**. This Agreement constitutes the entire agreement and understanding of the parties in respect of the subject matter hereof and supersedes all prior understandings, agreements or representations by or among the parties, written or oral, to the extent they relate in any way to the subject matter hereof. If any provision herein shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby. This Agreement may be modified only by a written instrument duly executed by the parties. All of the terms, agreements, covenants, representations, warranties and conditions of this Agreement are binding upon, and inure to the benefit of and are enforceable by, the parties and their respective successors and permitted assigns.

**VERITA GLOBAL, LLC**

______________________________________________

BY: Rebecca DeGroot
TITLE: EVP, Corporate Restructuring Services and Trustee Fiduciary Services

**CLIENT**

______________________________________________

BY:
TITLE:

**AUTHORIZED REPRESENTATIVE FOR WIRE CONFIRMATIONS**

NAME: ________________________________________

FIRM: ________________________________________

TITLE: ________________________________________

TELEPHONE NUMBER: ____________________________

EMAIL: ________________________________________

**EXHIBIT A**

***Fund and Distribution Services***

- Account set-up, reporting and account reconciliation
- Review and format disbursement data provided by Client
- 1099 Tax reporting and TIN collection services (only if specified by Client and agreed by Verita in writing)
- Additional services as requested by Client and agreed by Verita in writing
- All services subject to the standard fees and charges (*e.g.*, hourly consulting fees, printing charges, *etc.*)

## EXHIBIT B

***Fee Structure***

| **Consulting Services & Rates**[1] | |
|---|---|
| Position | Hourly Rate |
| Analyst/Consultant/Senior Consultant/Director | $40 - $195 |

Fund and Distribution Services[2]
**FBO (for benefit of) UST-Approved Bank Option**: Bank of America

| **Service** | **Fee** |
|---|---|
| XX Basis Points per annum[3] | |
| Escrow Fee Per Bidder | $1,500 |
| One Time Account Set up and Maintenance Fee | $1,500 |
| Escrow Fee Per Firm/Professional | $300 |

Fiduciary Administration Services[4]
**Standalone UST-Approved Bank Options**: Flagstar Bank, Western Alliance, East West Bank, Webster Bank

| **Service** | **Fee** |
|---|---|
| Monthly Bank Fees | Waived |
| Wire/Transfer Fees | Waived |
| Unlimited Transactions | No fees |
| No Minimum Balance | |
| No Withdrawal Penalty | |

Check Disbursement

| **Service** | **Fee** |
|---|---|
| Check Fee (Printing & Postage Only) | $5.00/check |

1099 Disbursement

| **Service** | **Fee** |
|---|---|
| 1099 Fee (Printing& Postage Only) | $2.75/1099 |
| 1099 Tax Reporting | Pricing upon request |

W-9 Mailing

| **Service** | **Fee** |
|---|---|
| W-9 Fee (Printing & Postage Only) | $2.75/W-9 |

[1] Please note that additional professional services not covered by this proposal will be charged at hourly rates, including any outsourced services performed under our supervision and control.
[2] Fees and charges are subject to increase based on market conditions, including the addition of bank fees. Verita will provide prior written notice of the effective date of any such increase or addition.
[3] Basis points are subject to change based on interest rate fluctuations.
[4] Fees and charges are subject to increase based on market conditions, including the addition of bank fees. Verita will provide prior written notice of the effective date of any such increase or addition.