RIMÔN LAW
www.rimonlaw.com

September 21, 2026

**VIA ECF**
Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

**Re:** ***The Steering Committee on Behalf of the Parties to the JPCIA Dated July 7, 2026 v. Peninsula Capital Trust et al.***
**Case No. 1:26-cv-7519-MKV**

Dear Judge Vyskocil:

We are counsel for Plaintiffs, The Steering Committee on Behalf of the Parties to the JPCIA Dated July 7, 2026 ("Plaintiffs"), in the above-referenced action. We write pursuant to the Court's Order dated September 17, 2026 (the "September 17 Order") (ECF Doc. No. 38), which directed Plaintiffs to file a letter by September 21, 2026, addressing whether they intend to file a properly noticed motion to convert the temporary restraining order ("TRO") into a preliminary injunction (the "Conversion Motion"), to confer with Defendants' counsel regarding a proposed briefing schedule, and to address the applicability of *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).

Plaintiffs confirm their intent to file a properly noticed motion to convert the TRO into a preliminary injunction pursuant to Federal Rule of Civil Procedure ("FRCP") 65(a), FRCP Rule 64, and New York Civil Practice Law and Rules ("CPLR") Article 62 (specifically CPLR §§ 6201, 6210, 6211, 6212, and 6214), thereby extending the prejudgment order of attachment and asset freeze beyond the expiration of the extended TRO. Plaintiffs are taking steps to cure each deficiency identified in the September 17 Order, including: (1) service of the Verified Complaint, the prior *ex parte* TRO application, the Court's Order dated September 3, 2026 putting a TRO in place (the "September 3 Order") (ECF Doc. No. 5), the September 17 Order, and all supporting materials on all Defendants against whom relief is sought; (2) filing a proper notice of motion specifying the applicable rules and statutes and the relief sought, in compliance with Local Civil Rule 7.1(a)(1); (3) providing adequate notice to all Defendants to afford them an opportunity to be heard; and (4) compliance with Individual Rules § 9 regarding sealed filings.

Plaintiffs have conferred with Defendants' counsel to the extent possible regarding a proposed briefing schedule for the Conversion Motion per the Court's directive. By email dated September 18, 2026, Plaintiffs proposed the following schedule: (i) Wednesday, September 23, 2026: Plaintiffs to file Conversion Motion; (ii) Monday, September 28, 2026: Opposition responses due; (iii) Wednesday, September 30, 2026: Plaintiffs' Reply due; and (iv) Thursday, October 1, 2026: Hearing on the Conversion Motion. Plaintiffs also proposed that all properly served parties file Answers or otherwise plead to the Verified Complaint by September 28, 2026. Opposing counsel was asked to respond by Monday,

September 21, 2026 at 11:00 a.m. Eastern. The following are the responses received from counsel as of this filing:

Counsel for Dovera Capital and Nigel Catt has filed an appearance though in his September 20 response to the September 18 email has taken the position that his clients have not been properly served and accordingly he does not wish to comment on the proposed briefing schedule nor the date by which an answer or response to the Verified Complaint is due. The undersigned then further inquired as to whether there was any objection to the issuance of the TRO or the subsequent modification thereto, or whether there is any harm claimed by his clients as a result of the same. Counsel has not responded.

Counsel for Digitanworks AG and Daniel Benz first contacted the undersigned on September 14, indicating that he had not yet been retained by these parties, though in several emails since has been advocating various positions on their behalf. In response to the September 18 email referenced above, counsel for these parties has taken the position that these parties have not been properly served and accordingly counsel does not wish to comment on the proposed briefing schedule and date by which an answer or response to the Verified Complaint is due;

Counsel for Andrew Melville, who has filed an appearance, and Plaintiff have been in active discussions concerning an enlargement of the proposed briefing and hearing schedule, with additional caveats. As of this filing, the tentative agreement is as follows:

1. Plaintiff to file its Motion to Convert by September 23;
2. Defendant Responses by October 7;
3. Plaintiff's Reply by October 12;
4. Hearing set for October 15.
5. Answer to Complaint (only as to Defendant Melville) extended to October 30;
6. Mr. Melville does not object to extension of the TRO orders until and including October 15, allowing for the foregoing briefing prior to the hearing on the Motion to Convert.

For all of the foregoing reasons, Plaintiffs respectfully request the Court's consideration of the proposed briefing schedule set forth above. The forthcoming motion will directly address each requirement identified in the September 17 Order, including the authority for converting the TRO, notice and service, and the *Grupo Mexicano* issue in full, which the undersigned believes will be differentiated from the case at bar.

Respectfully,

Rimon, P.C.

*_/s/ Neal H. Levin_*
Neal H. Levin, Partner

cc: All counsel of record via ECF