USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026,
Plaintiffs,

-against-

PENINSULA CAPITAL TRUST, PENINSULA ACCUMULATOR TRUST, PENINSULA ACCELERATOR TRUST, MANHATTAN PRIVATE CREDIT MARKETS LLC, MANHATTAN ST NOTES LLC, MANHATTAN 5 OCEANS PARTNERS LLC, SAVILLE FIDUCIARY CORPORATION f/k/a GLOBAL PATENT & ASSERTION CAPITAL CORPORATION, DIGITANWORKS AG, DOVERA CAPITAL PTY LTD, RODGERS AND ASSOCIATES LLC, PERSHING INSURANCE BOND, LLC a/k/a PERSHING SPECIALTY RISK LLC, CROWN GLOBAL DMCC, MANHATTAN PRIVATE CREDIT (SEYCHELLES), BRAYDEN CRAIG a/k/a NOEL LUXETON a/k/a SCOTT CAMPBELL FISHER a/k/a NOEL AVASONIS a/k/a SEAN CARTIER a/k/a BENNET BRAYDEN RICHARDS a/k/a TRENT SCOTT WALLACE STRONG a/k/a SCOTT WILLIAMS, CAROL ANN HUNTER, TIM BENTLEY, ANDREW MACKENZIE MELVILLE a/k/a ANDREW MELVILLE, JENNIFER LYNN RODGERS a/k/a JENNIFER ROGERS, DANIEL BENZ, LUKE ADEBIYI, and NIGEL CATT,
Defendant.

1:26-cv-7519-MKV

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO MODIFY TEMPORARY RESTRAINING ORDER AND PRE-JUDGMENT ORDER OF ATTACHMENT

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of Plaintiff's second *ex parte* "emergency" motion, [ECF No. 47], this time seeking to modify the temporary restraining order ("TRO"), pre-judgment order of attachment, and discovery order dated September 3, 2026, [ECF No. 5], which was previously modified by Order dated September 17, 2026. [ECF No. 38]. In support, Plaintiff has publicly filed a redacted memorandum of law ("Mem.") [ECF No. 49], a redacted affirmation of Neal H.

Levin, Esq., [ECF No. 51 ("Levin Affirmation") or ("Levin Aff.")], and a redacted proposed order. [ECF No. 53].[1]

At bottom, Plaintiff seeks to modify the operative temporary restraining order and pre-judgment order of attachment "to place funds currently totaling GBP £6,801,454" that were invested into non-party Mosaic Global Capital UK Fund LP (the "Mosaic Fund") "in a court-approved neutral depository." Mem. at 1.

According to Plaintiff, the various investors it represents in this action (the "Investors"), invested approximately $250,000,000 with or through certain Defendant entities between October 2024 and July 2026. Levin Aff. ¶ 4. The Investors were told that these funds "would be placed in legitimate and secure investment vehicles," but they were not. Levin Aff. ¶ 4. In investigating Defendants' alleged fraud, Plaintiff asserts that it has now discovered that roughly GBP £9,148,525.50 of the Investors' funds (the "Mosaic-Held Investor Funds") flowed from Defendant Manhattan ST Notes LLC ("MSTN") to Manhattan Private Credit Markets LLC ("MPCM"), and were, in turn, invested into the Mosaic Fund. Levin Aff. ¶¶ 4-7. Plaintiff asserts that this represents a "late stage, feeble attempt to appear to be investing in legitimate, regulated funds." Levin Aff. ¶ 4. According to Plaintiff, the timing of the transfers of the Mosaic-Held Investor Funds is

[1] Plaintiff has simultaneously filed under seal unredacted versions of the memorandum of law, [ECF No. 48], the Levin Affirmation, [ECF No. 50], and the proposed order. [ECF No. 52]. Plaintiff simultaneously seeks leave to temporarily file these materials in redacted form and to file the unredacted versions under seal. [ECF No. 43]. In support of its motion to seal, Plaintiff has filed a separate memorandum of law, [ECF No. 44] and declaration of Neal H. Levin, Esq. [ECF No. 45]. Plaintiff seeks to keep the documents under seal for "for fourteen (14) days after entry of any order on the [pending motion to modify the TRO] or until the escrow arrangement is finalized, whichever is earlier." [ECF No. 44]. Having considered Plaintiff's submissions, Plaintiff's request to temporarily file these motions in redacted form is granted in part and denied in part. Plaintiff has demonstrated that in the absence of a temporary sealing order, Defendants could use the redacted information to ascertain which funds are potentially subject to a restraining order or order of attachment and take efforts to move them beyond the Court's reach thereby frustrating the very purpose of the pending motion. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (courts must balance presumption of access to judicial documents with competing considerations, including "the danger of impairing law enforcement or judicial efficiency"). However, as elaborated below, Plaintiff must, by September 24, 2026, serve on all Defendants this Order and the unredacted version of all the supporting materials it has filed in support of the pending motion. Upon proof of service of these materials on Defendants, the documents at ECF Nos. 48, 50 and 52 shall be unsealed.

significant and suggest an attempt to convey a false veneer of legitimacy because the Investors "began purchasing MSTN notes in or about October 2024 and began receiving coupon payments in or about November 2024, but the information obtained by Plaintiff reflects that funding of the Mosaic Fund did not begin until April 2026." Levin Aff. ¶¶ 6-7.

The Mosaic-Held Investor Funds that have flowed to the Mosaic Fund have not yet been invested. Levin Aff. ¶ 8. Plaintiff avers that it has reached an agreement in principle with counsel for the Mosaic Fund for the return of the majority of the Mosaic-Held Investor Funds traced to the Mosaic Fund. Levin Aff. ¶ 12. Specifically, counsel for the Mosaic Fund has purportedly agreed to the immediate return of a portion of the Mosaic-Held Investor Funds in the amount of "GBP £6,801,454.00, subject to final reconciliation of bona fide fund expenses and the definitive transfer documentation." Levin Aff. ¶ 12. Plaintiff argues that "appointment of an escrow agent is necessary to take possession of" that portion of the Mosaic-Held Investor Funds that the Mosaic Fund has agreed to return. Levin Aff. ¶ 13. Plaintiff argues that directing the Mosaic-Held Investor Funds to be placed in escrow will preserve the status quo. Levin Aff. ¶ 14.

For substantially the same reasons underlying the Court's TRO entered on September 3 and the Order modifying the TRO to include newly discovered bank and financial accounts, IT IS HEREBY ORDERED that pursuant to Federal Rule of Civil Procedure 64 and New York Civil Practice Law and Rules Section 6210, the TRO is modified to extend its scope to include the Mosaic-Held Investor Funds—*i.e.*, the GBP £9,148,525.50 in funds that is currently in the possession of the Mosaic Fund but has not yet been invested by the Mosaic Fund. The TRO thus operates as a freeze on the Mosaic-Held Investor Funds and the Mosaic-Held Investor Funds shall not be transferred while the TRO remains in place. The TRO otherwise remains in full effect and will expire on October 1, 2026. The temporary freezing of the Mosaic-Held Investor Funds maintains the status quo.

IT IS FURTHER ORDERED that Plaintiff's request to appoint an escrow agent to receive and maintain the portion of the Mosaic-Held Investor Funds totaling GBP £6,801,454.00 is specifically DENIED.

Plaintiff shall immediately serve this Order and all the materials Plaintiff filed in support of the pending motion to modify the TRO on the Mosaic Fund. Upon service of this Order on the Mosaic Fund, Plaintiff also shall immediately serve this Order and all the materials Plaintiff filed in support of the pending motion to modify the TRO, in unredacted form, on all Defendants in this action. On or before September 24, 2026, Plaintiff shall file proof of service on the Mosaic Fund and all Defendants of this Order and all supporting materials.

Plaintiff is on notice that it must properly serve all Defendants the TRO and the now two Orders modifying the TRO. The TRO will not be extended for its failure to do so. Plaintiff was originally ordered to serve on all Defendants, on or before September 7, 2026, the TRO entered on September 3 and all supporting materials. [ECF No. 5]. Plaintiff having failed to do so, the Court again ordered Plaintiff to properly serve Defendants on or before September 15, 2026. [ECF No. 11]. Nonetheless, it appears that, to date, Plaintiff has still failed to serve on all Defendants the TRO entered on September 3, the Order modifying the TRO entered on September 17, and all supporting materials.

The Clerk of Court is respectfully requested to terminate docket entries 43 and 47.

**SO ORDERED.**

Mary Kay Vyskocil

**Date: September 23, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**