**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026,<br><br>Plaintiff,<br><br>– against –<br><br>PENINSULA CAPITAL TRUST, et al.,<br><br>Defendants. | Case No. 1:26-cv-07519 (MKV)<br><br>Hon. Mary Kay Vyskocil |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF NON-PARTIES FIRST DEGREE FUND VCC (FOR AND ON BEHALF OF ITS SUB-FUNDS), FIRST DEGREE GLOBAL ASSET MANAGEMENT PTE. LTD., AND GIPFEL CAPITALE INSURANCE & UNDERWRITING PARTNERS TO FILE UNDER SEAL**

Non-parties First Degree Fund VCC (for and on behalf of its sub-funds Litigation Income and Growth Fund and Six Senses Private Credit) ("Sub-Funds"), First Degree Global Asset Management Pte. Ltd. ("First Degree GAM"), and Gipfel Capitale Insurance & Underwriting Partners (collectively, "Movants") respectfully submit this memorandum in support of their motion for leave to file under seal, and to file in redacted form on the public docket, the Memorandum of Law, Declaration of Anthony John Morgan and exhibits thereto, and proposed order submitted in support of Movants' Motion to Vacate or Modify the Temporary Restraining Order and Pre-Judgment Order of Attachment (the "Proposed Sealing Documents"). The Proposed Sealing Documents contain non-public, commercially sensitive information—including investor-level data, the Sub-Funds' capital structures and liquidity positions, note maturity schedules, confidential offering documents, and the terms of a performance surety bond—whose public disclosure would cause serious and irreparable harm to Movants and to non-party investors against whom no wrongdoing is alleged. Complete unredacted copies are being submitted concurrently

for the Court's review and served on Plaintiff's counsel; redacted versions are filed on the public docket. *See* Miner Decl. ¶¶ 2–5.

## ARGUMENT

### I. The Presumption of Access

The Proposed Sealing Documents are judicial documents because they are submitted in support of a motion and are relevant to the performance of the judicial function. Movants concede that a presumption of public access attaches. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")).

### II. The Weight of the Presumption Is Low

The weight of the presumption "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). The information Movants seek to seal—investor identities, subscription amounts, cash positions, note terms, and confidential fund documents—is not publicly available and is of limited relevance to public monitoring of the courts. The substance of the legal dispute, the relief sought, and the Court's prior orders all remain publicly accessible. *See* Miner Decl. ¶¶ 8–9, 12.

### III. Competing Considerations Favor Sealing

After determining the weight of the presumption, the Court must balance it against competing considerations, including "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Amodeo II*, 71 F.3d at 1050. Here, those considerations overwhelmingly favor sealing.

***First***, the privacy interests of non-party investors weigh heavily in favor of sealing. The Proposed Sealing Documents disclose confidential financial information of the Sub-Funds'

noteholders and an unaffiliated equity shareholder, none of whom are parties to this action or alleged to have engaged in any wrongdoing. The Sub-Funds are offered privately under confidential offering documents, and First Degree GAM owes confidentiality obligations to its investors under Singapore law. *See* Miner Decl. ¶¶ 9, 11.

***Second***, public disclosure risks irreparable harm. Disclosure of the Sub-Funds' liquidity positions and note maturity schedules before the Court rules on Movants' motion could itself precipitate the very harm the motion to modify seeks to avoid—by undermining investor confidence, prejudicing First Degree GAM's regulatory standing, and jeopardizing the Sub-Funds' ability to meet their obligations. *See* Miner Decl. ¶ 10; *see also Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (irreparable harm constitutes good cause for sealing).

***Third***, this Court has already recognized that temporary sealing is warranted in this action. The Court granted Plaintiff's motion to seal its own motion to modify the Temporary Restraining Order ("TRO"), finding that, "in the absence of a temporary sealing order, Defendants could use the redacted information to ascertain which funds are potentially subject to a restraining order or order of attachment and take efforts to move them beyond the Court's reach." ECF No. 56 at 2 n.1; *see also* ECF No. 5 (granting sealing of initial TRO papers). The same logic applies with equal force to Movants' papers, which contain similar information about fund structures and asset positions.

***Fourth***, the sealing request is narrowly tailored. Movants do not seek to seal their motion in its entirety. Their legal arguments, the relief requested, and all information already on the public record remain public. The proposed redactions are limited to investor-level information, the Sub-

Funds' cash and liquidity positions, note maturity schedules, and confidential terms of private fund documents. *See* Miner Decl. ¶ 12.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court enter an order permitting the Proposed Sealing Documents to be filed under seal, with the redacted versions filed on the public docket, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 30, 2026

Respectfully submitted,

*/s/ Aaron Miner*

Aaron Miner
Lisa Cordara
Melissa E. Romanovich
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: 212.836.8000
Fax: 212.836.8689
Aaron.Miner@arnoldporter.com
Lisa.Cordara@arnoldporter.com
Melissa.Romanovich@arnoldporter.com

*Attorneys for Non-Parties First Degree Fund VCC (for and on behalf of Litigation Income and Growth Fund and Six Senses Private Credit), First Degree Global Asset Management Pte. Ltd., and Gipfel Capitale Insurance & Underwriting Partners*