**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026,<br><br>Plaintiff,<br><br>– against –<br><br>PENINSULA CAPITAL TRUST, et al.,<br><br>Defendants. | Case No. 1:26-cv-07519 (MKV)<br><br>Hon. Mary Kay Vyskocil |

**DECLARATION OF AARON MINER IN SUPPORT OF THE MOTION OF NON-PARTIES FIRST DEGREE FUND VCC (FOR AND ON BEHALF OF ITS SUB-FUNDS), FIRST DEGREE GLOBAL ASSET MANAGEMENT PTE. LTD., AND GIPFEL CAPITALE INSURANCE & UNDERWRITING PARTNERS TO FILE UNDER SEAL**

I, AARON MINER, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice in the State of New York and before this Court, and a partner of Arnold & Porter Kaye Scholer LLP, counsel for non-parties First Degree Fund VCC ("First Degree VCC"), for and on behalf of its sub-funds Litigation Income and Growth Fund (formerly 9Mountains Capital Fund) ("9Mountains") and Six Senses Private Credit ("Six Senses," and together, the "Sub-Funds"); First Degree Global Asset Management Pte. Ltd. ("First Degree GAM"); and Gipfel Capitale Insurance & Underwriting Partners ("Gipfel," and collectively, "Movants"). I make this Declaration based on my personal knowledge, my review of the record in this action, and information provided to me by Movants in the course of my firm's representation of them. If called as a witness, I could and would testify competently to the facts stated herein.

2. I respectfully submit this Declaration in support of Movants' motion for leave to file under seal, and to file in redacted form on the public docket, the following papers submitted in support of Movants' Motion to Vacate or Modify the Temporary Restraining Order and Pre-

Judgment Order of Attachment (ECF Nos. 5, 38, and 56), and in Opposition to Plaintiff's Motion for a Preliminary Injunction (ECF No. 57) (the "Motion to Modify"); the Memorandum of Law in support of the Motion to Modify (the "Memorandum of Law"); the Declaration of Anthony John Morgan and the exhibits thereto (the "Morgan Declaration"); and the proposed order (the "Proposed Order," and collectively, the "Proposed Sealing Documents").

3. The proposed redacted version of the Memorandum of Law is annexed hereto as **Exhibit 1**.

4. The proposed redacted version of the Morgan Declaration is annexed hereto as **Exhibit 2**.

5. The proposed redacted version of the Proposed Order is annexed hereto as **Exhibit 3**. Complete unredacted copies of the Proposed Sealing Documents are being submitted concurrently for the Court's review and served on counsel for Plaintiff.

6. Movants are not parties to this action. On September 3, 2026, the Court entered a Temporary Restraining Order and Pre-Judgment Order of Attachment under CPLR § 6210 and 6212 and Fed. R. Civ. P. 64 (ECF No. 5). On September 17, 2026, the Court extended that order and added newly identified accounts (ECF No. 38). On September 23, 2026, the Court extended the restraint to approximately £9,148,525.50 held by Mosaic Global Capital UK Fund LP (the "Mosaic Fund"), provided that the restraint will expire on October 1, 2026 (ECF No. 56).

7. First Degree VCC, for the account of each Sub-Fund, is a limited partner of the Mosaic Fund. First Degree GAM is the Sub-Funds' manager and holds Capital Markets Services Licence No. CMS 100548 from the Monetary Authority of Singapore ("MAS"). Gipfel issued a performance surety bond in favor of the Sub-Funds' noteholders. Movants seek relief from the restraint as it applies to the Sub-Funds' interests in the Mosaic Fund.

8. To show the Court why the restraint should be vacated or modified, the Proposed Sealing Documents disclose non-public, commercially sensitive information about the Sub-Funds and their investors. That information includes the Sub-Funds' capital structures; the number of noteholders and the principal amounts, coupons, and maturity schedules of the notes issued by each Sub-Fund; the identity of, and subscription amounts paid by, each equity investor, including an unaffiliated third-party shareholder who is not before the Court; the Sub-Funds' current cash and liquid-asset positions measured against note obligations falling due over the coming weeks and months; the terms of the Gipfel performance surety bond; the terms of the Sub-Funds' subscription agreements with the Mosaic Fund and the capital account statements issued by the Mosaic Fund's administrator; excerpts of the Sub-Funds' confidential private offering documents; and First Degree GAM's assessment of the regulatory consequences that would follow a payment default.

9. That information is not publicly available. The Sub-Funds are offered privately to eligible investors under confidential offering documents. I understand that First Degree GAM owes confidentiality obligations to the Sub-Funds' investors, including obligations under Singapore law.

10. Public disclosure of the Sub-Funds' liquidity information before the Court rules could cause serious and irreparable harm to Movants and to noteholders against whom no wrongdoing is alleged. The Morgan Declaration describes facts and analyses which could themselves, when filed on an open docket, precipitate the harm the Motion to Modify seeks to avoid, by undermining the confidence of investors, counterparties, and others in the Sub-Funds and First Degree GAM, and by prejudicing First Degree GAM's standing with its regulator, regardless of how the Court ultimately rules.

11. The Proposed Sealing Documents also implicate the privacy interests of third parties who are not before the Court. The investor-level information concerns the Sub-Funds' noteholders and an unaffiliated shareholder, none of whom Plaintiff alleges to be a Defendant or to have engaged in any wrongdoing. The subscription agreements and capital account statements are confidential commercial documents of the Mosaic Fund, which is also not a party.

12. The request is narrowly tailored. Movants do not seek to seal the Motion to Modify in its entirety. Movants' legal arguments, the relief requested, and information already on the public record, including the Court's orders and Plaintiff's publicly filed papers, will remain public. The redactions and documents proposed to be sealed are limited to investor-level information, the Sub-Funds' cash and liquidity positions and note maturity schedules, and the confidential terms of the offering documents and Mosaic Fund documents.

13. Temporary sealing will not prejudice any party. The unredacted Proposed Sealing Documents will be available to the Court and to Plaintiff's counsel, and the public will have access to the substance of the dispute and the grounds on which Movants seek relief. Movants request that the Proposed Sealing Documents remain under seal until further order of the Court, and Movants will promptly comply with any direction to file public or further-redacted versions.

14. The Court has previously recognized that temporary sealing may be warranted in this action where disclosure would frustrate the purpose of the relief sought, granting in part Plaintiff's request to file its own motion to modify the restraint in redacted form. *See* ECF No. 56 at 2 n.1. The interest in temporary confidentiality here substantially outweighs any present public-access interest because the redacted material consists of non-public financial, investor-level, and regulatory information of non-parties that is of limited value to those monitoring the federal courts, while its disclosure could cause harm that cannot be undone.

15. No previous application has been made by Movants for the relief requested herein.

16. Accordingly, Movants respectfully request an Order permitting the Proposed Sealing Documents to be filed under seal, with the redacted versions annexed as **Exhibits 1 through 3** filed on the public docket, together with such further relief as the Court deems just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: New York, New York
September 30, 2026

*/s/ Aaron Miner*___________
Aaron Miner