UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JOINT PROSECUTION AND COMMON INTEREST AGREEMENT DATED JULY 7, 2026, et al.,

Plaintiffs,

-v.-

PENINSULA CAPITAL TRUST, et al.,

Defendants.

Case No. 1:26-cv-07519-MKV

Judge Mary Kay Vyskocil

---

DAVID SIMPSON, Proposed Plaintiff-Intervenor.

---

## LETTER-MOTION TO FILE RESIDENTIAL ADDRESS AND TELEPHONE NUMBER UNDER SEAL

Dated: September 29, 2026

Honorable Mary Kay Vyskocil United States District Court Southern District of New York 500 Pearl Street New York, New York 10007

Dear Judge Vyskocil:

I am David Simpson, appearing pro se as the proposed Plaintiff-Intervenor in the above-captioned action. Concurrently with this letter, I am filing my Notice of Pro Se Appearance and Motion to Intervene. I submit this letter-motion respectfully to request permission to file my residential address and telephone number under seal, and to use a service address on the public docket.

I propose to intervene in this action as a victim of the Manhattan/Peninsula Investment Scheme. My motion and its exhibits describe persons and entities that I allege operated a fraudulent scheme and that I allege the Committee itself has characterized as criminal. Because I am proceeding pro se against parties whom I allege to be career fraudsters, and because my residential address is not otherwise a matter of public record in this action, I have a concrete personal-safety interest in keeping my home address and telephone number off the public docket.

Federal Rule of Civil Procedure 10(a) requires that the caption name the parties, and Rule 11(a), together with this Court's practices, calls for a filed paper to identify the signer and a means of contact. Federal Rule of Civil Procedure 5.2 requires redaction of certain personal identifiers but does not by its terms cover a party's residential street address. I therefore require leave of this Court to withhold my home address and telephone number from the public filing.

The governing standard in the Second Circuit balances the strong presumption of public access to judicial documents against a party's privacy and safety interests. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). The relevant factors favor permitting me to withhold only a narrow, sensitive category — my home street address and personal telephone number — while my identity and all substantive filings remain public. This is the least restrictive alternative: it protects my safety without concealing the litigation, the parties, or the relief I seek.

I therefore respectfully request that the Court:

1. Permit me to omit my residential street address and personal telephone number from the public record and to file them with the Court under seal (I will lodge it by separate sealed filing or, if the Court prefers, by submission to the Pro Se Intake Unit for in camera retention); and

2. Permit me to use the following service address on the public docket for the duration of this matter:

   c/o [SERVICE ADDRESS — mail-drop / CMRA / counsel] Email: armourholdings@outlook.com The sealed address and telephone number would be made available to the Court and, to the extent the Court directs, to the opposing parties, while remaining shielded from public view. I am willing to accept service at the service address above and do not seek to proceed anonymously; my name remains on the public record as the proposed Plaintiff-Intervenor. I seek only to protect a narrow category of sensitive personal information.

Thank you for the Court's consideration.

Respectfully submitted,

David Simpson
Proposed Plaintiff-Intervenor, Pro Se
Residential address: *filed under seal*
Telephone: *filed under seal*
Service address: c/o [SERVICE ADDRESS - mail-drop / CMRA / counsel]
Email: armourholdings@outlook.com