UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**DAVID SIMPSON,**

Plaintiff-Intervenor,

-v.-

**THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JOINT PROSECUTION AND COMMON INTEREST AGREEMENT DATED JULY 7, 2026, et al.,**

Defendants.

**Case No. 1:26-cv-07519-MKV**

---

## COMPLAINT IN INTERVENTION

**JURY TRIAL DEMANDED**

---

## PARTIES

1. Plaintiff-Intervenor David Simpson is a natural person and a victim of the Manhattan ST Notes fraud.

2. Defendants are the Steering Committee and the parties to the Joint Prosecution and Common Interest Agreement dated July 7, 2026 (the "JPCIA"), together with the promoters, intermediaries, and Approved Distribution Participants identified in discovery.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1367, and under 18 U.S.C. § 1964(c). Venue is proper in this District under 28 U.S.C. § 1391.

## THE FRAUD

4. Beginning in or about May 2025, Defendants and their intermediaries marketed "Manhattan ST Notes" as "guaranteed" and "principal-protected" investments paying 10%–14% over 120–145 days.

5. Relying on those representations, Plaintiff-Intervenor transferred approximately USD 483,000 to Manhattan ST Notes, LLC.

6. The funds were not invested as represented. Plaintiff-Intervenor's principal was not returned; he was instead induced to "roll over" his principal and accrued coupons into successive products, compounding his loss.

7. The scheme was a Ponzi-style enterprise: earlier investors were paid, if at all, from the funds of later investors, and the scheme collapsed when new money stopped.

## CLAIMS FOR RELIEF

### COUNT I — Racketeering (18 U.S.C. §§ 1962(c), (d))

8. Defendants, and each of them, conducted and conspired to conduct the affairs of an enterprise through a pattern of racketeering activity, including wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), and securities fraud (15 U.S.C. § 78j(b); 18 U.S.C. § 1348).
9. As a direct and proximate result, Plaintiff-Intervenor suffered injury to his business or property. He is entitled to treble damages, costs, and attorney's fees under 18 U.S.C. § 1964(c).

### COUNT II — Common Law Fraud

10. Defendants made material misrepresentations of fact with knowledge of their falsity and intent to induce reliance; Plaintiff-Intervenor justifiably relied and was damaged.

### COUNT III — Conversion

11. Defendants exercised dominion over Plaintiff-Intervenor's funds inconsistent with his ownership.

### COUNT IV — Unjust Enrichment

12. Defendants were enriched at Plaintiff-Intervenor's expense under circumstances rendering retention inequitable.

### COUNT V — Aiding and Abetting Fraud (N.Y. Law)

13. The intermediary Defendants — including Annette M. Houlihan (Carey Suen) and Consult Group Worldwide Ltd — knew of the fraudulent scheme and rendered **substantial assistance** to it: they marketed and distributed the sham products to multiple investors for compensation, onboarded investors, collected funds, and communicated the false "capital protection" and "100% guarantee" representations. As participants in, and joint tortfeasors of, the fraud, they are **jointly and severally liable** for Plaintiff-Intervenor's losses. (This claim is pleaded under state law; a private claim for aiding and abetting under federal Section 10(b)/Rule 10b-5 is not available — *Central Bank of Denver v. First Interstate Bank*, 511 U.S. 164 (1994).)

### COUNT VII — RICO Conspiracy (18 U.S.C. § 1962(d))

14. In the alternative and in addition, the intermediary Defendants conspired to conduct the affairs of the enterprise through a pattern of racketeering activity. A conspirator need not personally commit a predicate act; agreement to further the enterprise suffices. They are therefore liable under 18 U.S.C. § 1962(d).

### COUNT VI — Violations of State Securities Laws

14. Defendants offered and sold unregistered securities through unlicensed persons in violation of applicable state securities laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Intervenor respectfully requests judgment: (a) declaring the scheme an unlawful Ponzi scheme; (b) awarding compensatory and treble damages; (c) imposing a constructive trust and equitable lien over the recovered assets; (d) subordinating the claims of participating intermediaries; (e) appointing a receiver; and (f) granting such other relief as is just.

Dated: September 29, 2026

Respectfully submitted,



**David Simpson**
Plaintiff-Intervenor, Pro Se
Residential address: *filed under seal*
Telephone: *filed under seal*
Email: armourholdings@outlook.com