**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026,

Plaintiff,

– against –

PENINSULA CAPITAL TRUST, et al.,

Defendants.

Case No. 1:26-cv-07519 (MKV)

Hon. Mary Kay Vyskocil

**[PROPOSED] ORDER ON MOTION OF NON-PARTIES FIRST DEGREE FUND VCC (FOR AND ON BEHALF OF ITS SUB-FUNDS), FIRST DEGREE GLOBAL ASSET MANAGEMENT PTE. LTD., AND GIPFEL CAPITALE INSURANCE & UNDERWRITING PARTNERS TO VACATE OR MODIFY THE TEMPORARY RESTRAINING ORDER AND RELATED PREJUDGMENT ATTACHMENT ORDERS (ECF NOS. 5, 38, AND 56), AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (ECF NO. 57)**

Upon the motion of non-parties First Degree Fund VCC ("First Degree VCC"), acting for and on behalf of its sub-funds Litigation Income and Growth Fund (formerly 9Mountains Capital Fund) and Six Senses Private Credit (collectively, the "Sub-Funds"), First Degree Global Asset Management Pte. Ltd., and Gipfel Capitale Insurance & Underwriting Partners (collectively, "Movants"), by their attorneys Arnold & Porter Kaye Scholer LLP; the Court having considered the accompanying notice of motion, memorandum of law, the Declaration of Anthony John Morgan and exhibits thereto, and the prior pleadings and proceedings herein; Movants having moved pursuant to CPLR § 6223(a), Fed. R. Civ. P. 64, and the Court's authority to modify its interim orders, for relief from the temporary restraining order and prejudgment orders of attachment entered at ECF Nos. 5, 38, and 56 (collectively, the "Restraint Orders") as to the Sub-Funds' interests in, and contributions to, Mosaic Global Capital UK Fund LP (the "Mosaic Fund")

(collectively, the "Mosaic Interests"); and the Court having determined that Movants' motion should be granted;

**IT IS HEREBY NOTED** that this motion was made by Movants solely in their capacity as "person[s] having an interest in the property" within the meaning of CPLR § 6223(a) and does not constitute an appearance in the action, a submission to or consent to personal jurisdiction, a waiver of service of process, or a consent to the exercise of personal jurisdiction by this Court over any Movant. Movants reserve all jurisdictional objections.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Restraint Orders are hereby vacated as to the Mosaic Interests. The Restraint Orders, and any preliminary injunction or extension thereof, shall not apply to the Mosaic Interests or the funds described in ECF No. 56 as GBP £9,148,525.50, and the Mosaic Fund is authorized and directed to release the Mosaic Interests, including any returned capital and proceeds, to First Degree VCC for the account of the relevant Sub-Fund.

2. In the alternative, if the Court does not vacate the Restraint Orders in full as to the Mosaic Interests, the Restraint Orders are hereby modified so that any restraint attaches only to the shares held by Manhattan Private Credit Markets LLC ("MPCM") and Manhattan ST Notes LLC ("MSTN") in the Sub-Funds and any redemption proceeds or distributions attributable to those shares, and the Mosaic Fund is authorized and directed to release the Mosaic Interests, including any returned capital and proceeds, to First Degree VCC for the account of the relevant Sub-Fund, subject to the undertaking set forth in paragraph 5, below.

3. In the further alternative, if the Court does not grant the relief set forth in paragraphs 1 or 2, the Restraint Orders are hereby modified to exclude the "Non-Manhattan Investment

Monies," expressed as [redacted] of any amount the Mosaic Fund actually returns, with any Mosaic Fund expenses borne pro rata, and the Mosaic Fund is authorized and directed to return that amount to First Degree VCC for the account of the relevant Sub-Fund, subject to the undertaking set forth in paragraph 5 below.

4. Nothing in this Order shall be construed as an admission by Movants as to the amount, ownership, tracing, allocation, or entitlement to distribution of the funds described in ECF No. 56 as GBP £9,148,525.50.

5. Movants undertake that they will not redeem, transfer, distribute, or pay out on any shares held by MPCM or MSTN in the Sub-Funds, or any redemption proceeds or distributions attributable to those shares, without first providing at least ten business days' prior written notice to Plaintiff's counsel and obtaining leave of Court. This undertaking is without prejudice to Movants' position that CPLR § 6223(a) does not require them to submit to the jurisdiction of this Court and does not waive any jurisdictional objection or defense.

6. The Court may grant such other and further relief as it deems just and proper.

**SO ORDERED.**

Dated: New York, New York
_____________, 2026

HON. MARY KAY VYSKOCIL
United States District Judge