HARRIS TRZASKOMA

October 5, 2026

**BY ECF**
Hon. Mary Kay Vyskocil
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *The Steering Committee on Behalf of the Parties to the JPCIA Dated July 7, 2026 v. Peninsula Capital Trust, et al.*, 26-cv-7519 (MKV)**

Dear Judge Vyskocil:

We represent Defendants Jennifer Lynn Rodgers and Rodgers and Associates, LLC ("R&A," and together with Ms. Rodgers, the "Rodgers Defendants"). We write to respectfully request:

***First***, that the Court direct Plaintiff to provide forthwith to the Rodgers Defendants all discovery materials it has obtained through the issuance of subpoenas. We make this request because, despite repeated requests, Plaintiff has not provided these materials in a timely way. We first requested these materials in writing on September 24, 2026, specifically asking Plaintiff to send us copies of all subpoenas and "responses received, including any documents received, to date," and on an ongoing basis. Plaintiff's counsel replied that he would "await [our] appearances before responding to [our] other requests." We appeared on September 29. ECF Nos. 70–71. On September 30, we inquired when Plaintiff would provide the discovery; counsel responded that they were "in the process of creating a database" and would advise when it was available. On October 2, after the Court set the briefing schedule for Plaintiff's motion seeking a preliminary injunction and other relief on October 1, we asked for the materials by noon that day or, at a minimum, for all requests, responses, and documents relating to Ms. Rodgers, R&A, and their bank accounts. We received no response. This morning, we again asked for transmittal of the discovery by noon. Plaintiff called that timeframe "wholly unreasonable," said it is "sifting through thousands of pages of documents," and again gave no date by which the materials would be provided.

There is no reason Plaintiff cannot turn these materials over to us immediately. Indeed, it is common practice for the recipient of subpoenaed materials to provide the same to other parties upon receipt through a file sharing link or other electronic format. Waiting until a database is ready is neither common nor, in a supposed emergency situation, appropriate. Further, although Plaintiff wants to "sift[] through" the records before turning them over, there is no reason Plaintiff needs to do so and indeed, it is patently unfair for Plaintiff to have the opportunity to review the materials before turning them over. There is

simply no reason for delay, especially for materials concerning the Rodgers Defendants' own accounts.

***Second***, that the deadline for the Rodgers Defendants to oppose Plaintiff's Preliminary Injunction Motion be extended to two business days after such discovery materials have been provided, with all other deadlines to be moved by the same amount of time. Currently, all Defendants' deadline to oppose the Motion is October 6, 2026 at 4:00 PM, with replies due October 8, 2026 at noon, and a hearing set for October 15, 2026 at 2:30 PM. ECF No. 91 at 4. This is the Rodgers Defendants' first request to extend the opposition deadline. Plaintiff does not consent to the requested extension.

An extension of time is both necessary and appropriate. The Rodgers Defendants must oppose a motion for extraordinary relief on a compressed schedule while Plaintiff alone has the underlying discovery and refuses to share it. Unless relief is granted, Plaintiff will be able to draw selectively from that record in its reply and at the hearing, while Defendants will not be able to test Plaintiff's allegations in a timely way. As the Court has acknowledged, certain nonparties subject to the TRO have seriously disputed Plaintiff's representations. *See* ECF No. 91 at 3–4.

Rule 65(a)(1)'s notice requirement, moreover, "has been construed to require the district court to 'allow [the adverse] party sufficient time to marshal his evidence and present his arguments against the issuance of the injunction.'" *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 105 (2d Cir. 2009) (quoting *Rosen v. Siegel*, 106 F.3d 28, 31 (2d Cir. 1997)). That is exactly what the Rodgers Defendants are asking for here, an opportunity to review and respond to information that Plaintiff has obtained through subpoena. By Plaintiff's own account, the materials run to thousands of pages, and Plaintiff has had them for weeks. Put simply, the Rodgers Defendants also need time to review them and prepare an adequate opposition.

While we appreciate that the Court has set a global schedule for briefing the Preliminary Injunction Motion, we respectfully submit that simple fairness and due process require more time in the schedule, at least for the Rodgers Defendants, so that they are not sandbagged during briefing.

If the Court declines to extend the deadline or order discovery materials be provided, the Rodgers Defendants respectfully request that the Court preclude Plaintiff from relying on any withheld discovery materials in its reply or at the October 15 hearing.

We thank the Court for its consideration and prompt attention to this matter.

Respectfully submitted,

*/s/ Theresa Trzaskoma*

Theresa Trzaskoma

cc (by ECF): All Parties of Record