USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026, Plaintiff, -against- PENINSULA CAPITAL TRUST, ET AL, Defendants. | 1:26-cv-7519-MKV ORDER GRANTING INTERVENTION AND EXTENDING TRO |

MARY KAY VYSKOCIL, United States District Judge:

On November 4, 2026, the Court held a hearing attended by Plaintiff, Defendants, and counsel for potential intervenor David Simpson to hear argument on several motions currently pending before the Court.

On September 30, 2026, Mr. Simpson filed a *pro se* motion to intervene in this case along with several corresponding exhibits including a proposed complaint in intervention. [ECF No. 90] ("Mot."). In his motion, Mr. Simpson argues that he is also a victim of the alleged investment fraud at issue in this case and that the Plaintiff Steering Committee improperly seeks to distribute recovered assets to so-called "intermediaries" that supposedly recruited Mr. Simpson and others into making investments. *Id.* at 3–6. Mr. Simpson argues that he should be allowed to intervene to assert claims against Plaintiff under either intervention as-of-right or permissive intervention under Fed. R. Civ. P. 24(a) and (b), respectively. *Id.* at 8. On October 7, 2026, Plaintiff filed an opposition to Mr. Simpson's motion to intervene arguing that he does not meet the necessary requirements under Fed. R. Civ. P. 24. [ECF No. 103] ("Opp."). On November 2, 2026, attorney Paul E. Austin moved *pro hac vice* to appear on behalf of Mr. Simpson, and that request was subsequently granted. Mr. Austin appeared on behalf of Mr. Simpson at the November 4, 2026 hearing.

For the reasons laid out by the Court at the hearing and further explained below, Mr. Simpson's motion for intervention is GRANTED. Rule 24(a)(2) provides that the Court must permit intervention when: "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by other parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). Mr. Simpson satisfies each of these prongs. Mr. Simpson filed this motion less than a month after the commencement of this case and he is plainly asserting an interest in the same property obtained by the same alleged investment scheme about which Plaintiff is suing. In fact, Mr. Simpson joined Plaintiff in asking that the TRO be extended because of his purported interest in the assets at issue. Mot. at 9. Mr. Simpson has also demonstrated a valid concern about the Plaintiff's ability to represent his interests and implement a fair distribution of the recovered assets given the Steering Committee's potential preferential treatment of intermediaries. *Id.* at 2–4. Mr. Simpson therefore has the right to intervene in this case.

However, even if intervention as-of-right were not available, Rule 24(b) provides that "the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact … [while] consider[ing] whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." For the reasons discussed above, Mr. Simpson's claims involve the same investment scheme and include common questions of law and fact regarding the nature, extent, and perpetrators of the alleged fraud. Plaintiff acknowledges that Mr. Simpson "suffered real financial losses in the Manhattan ST Notes fraud" and even invited him to join the joint prosecution agreement on multiple occasions. Opp. at 1–3. The Court also finds that Mr. Simpson's participation in this case is important in

understanding the views and potential claims of investors who have suffered losses from the purported scheme but are not represented by Plaintiff. Furthermore, the case is in preliminary stages with no filed responses to the pleadings, so granting intervention will not result in prejudice or delay to the original parties.

IT IS HEREBY ORDERED that by November 11, 2026, Mr. Simpson shall file his complaint on the docket. The Court notes that Mr. Simpson had previously filed a proposed complaint as an exhibit to his motion to intervene at ECF No. 90-8 while he was still *pro se* and before he retained counsel. The Clerk of Court is instructed to close the entry at ECF No. 90.

IT IS FURTHER ORDERED that the temporary restraining order currently set to expire today on November 4, 2026 per ECF No. 121, is extended on consent of all parties until the Court issues a written decision on the outstanding motions regarding whether to convert the TRO to a preliminary injunction.

**SO ORDERED.**

**Date: November 4, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**