USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/6/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026,
Plaintiff,

-against-

PENINSULA CAPITAL TRUST, et al.,

Defendants.

1:26-cv-7519-MKV

**OPINION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION, CONTINUATION OF PREJUDGMENT ATTACHMENT, AND ASSET-PRESERVATION RELIEF**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff The Steering Committee on Behalf of the Parties to the JPCIA Dated July 7, 2026 ("Plaintiff" and "Steering Committee") brings this action against Defendants Peninsula Capital Trust f/k/a Peninsula Accumulator Trust, Manhattan Private Credit Markets LLC, Manhattan ST Notes LLC, Manhattan ST Notes LLC, Manhattan 5 Oceans Partners LLC, Saville Fiduciary Corporation f/k/a Global Patent & Assertion Capital Corporation, Digitanworks AG, Dovera Capital Pty Ltd, Rodgers and Associates LLC, Pershing Specialty Risk LLC a/k/a Pershing Insurance Bond LLC, Crown Global DMCC, Manhattan Private Network Ltd, Carol Ann Hunter, Tim Bentley, Andrew Mackenzie Melville a/k/a Andrew Melville, Jennifer Lynn Rodgers a/k/a Jennifer Rodgers, Daniel Benz, Luke Adebiyi, Nigel Catt, First Degree Global Asset Management PTE LTD, First Degree Fund VCC, Six Senses Private Credit, Litigation Income and Growth Fund f/k/a 9Mountains Capital Fund, Gipfel Capitale Insurance & Underwriting Partners, GPACC Enhancer Fund, Mosaic Global Capital UK Fund LP, Mosaic Global Capital UK GP LLC, Mosaic Global Capital LLC, Mosaic Global Consulting LLC, Mosaic Assertion Corp., Mosaic Assertion Capital LLC, Samuel K. Simpson, and Tony Morgan a/k/a Anthony John Morgan ("Defendants"). Plaintiff asserts claims for fraud, conversion, unjust enrichment, negligent misrepresentation, civil

conspiracy, accounting and constructive trust, violation of § 12(a)(1) of the Securities Act of 1933, violation of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, violation of New York General Business Law § 349, civil RICO in violation of 18 U.S.C. § 1962, and seeks money damages, attachment pursuant to N.Y. C.P.L.R. Article 62, and a preliminary injunction. [ECF No. 127] ("2d Am. Compl.") ¶¶ 151–227.

Simultaneously with filing the original Complaint on September 2, 2026, Plaintiff moved *ex parte* for a temporary restraining order, a prejudgment order of attachment, and expedited discovery. The Court granted that motion on September 3, 2026, solely to freeze the designated accounts in order to maintain the status quo pending proper service on Defendants. [ECF No. 5]. Thereafter, on September 17 and September 23, the Court entered subsequent orders modifying the TRO which respectively expanded the scope of the TRO and included further assets subject to the temporary freeze. [ECF Nos. 38, 56]. On September 23, 2026, Plaintiff filed a motion for a preliminary injunction, continuation of prejudgment attachment, and asset-preservation relief. [ECF No. 58] ("Mot." and "Motion"). Plaintiff also filed an "emergency motion" to modify the TRO and direct that certain funds be transferred and deposited into the registry of this Court. [ECF No. 78]. Several Defendants filed oppositions to Plaintiff's Motion. On October 20, 2026, the Court entered a stipulated Order rendering the TRO and proposed preliminary injunction inapplicable as to Andrew Mackenzie Melville a/k/a Andrew Melville, Nigel Catt, Dovera Capital Pty Ltd., Digitanworks AG, Jennifer Rodgers, and Rodgers and Associates LLC (the "Stipulating Defendants"). [ECF No. 126].

On September 30, 2026, First Degree Fund VCC (for and on behalf of Litigation Income and Growth Fund and Six Senses Private Credit), First Degree Global Asset Management Pte Ltd, and Gipfel Capitale Insurance and Underwriting Partners (the "First Degree Defendants") moved to vacate or modify a portion of the temporary restraining order that had frozen certain assets held

by Mosaic Global Capital UK Fund LP (the "Mosaic Fund") and opposing Plaintiff's Motion for a preliminary injunction and continued prejudgment attachment. [ECF Nos. 84–87]. Plaintiff opposed this motion (ECF No. 102) and First Degree Defendants filed a subsequent reply (ECF No. 105).

Separately, at the direction of the Court, Plaintiff filed a letter regarding standing and subject matter jurisdiction on October 19, 2026. [ECF No. 124]. First Degree Defendants filed a further brief challenging Plaintiff's standing (ECF No. 128) and Plaintiff filed a response (ECF No. 132).

On November 2, 2026, Defendants Samuel K. Simpson, the Mosaic Fund, Mosaic Global Capital UK GP LLC, Mosaic Capital LLC, Mosaic Global Consulting LLC, Mosaic Assertion Corporation, and Mosaic Assertion Capital LLC (the "Mosaic Defendants") filed a motion to vacate the TRO as it applies to them and in opposition to Plaintiff's Motion for a preliminary injunction, continuation of prejudgment attachment, and asset preservation relief. [ECF No. 136]. Mosaic Defendants also filed an opposition to Plaintiff's emergency motion to authorize deposit of certain funds into the court registry. [ECF No. 137].

On November 4, 2026, the Court held a hearing and heard oral argument from Plaintiff, First Degree Defendants, and Mosaic Defendants on the outstanding motions. The Court offered all parties the opportunity to present evidence at this hearing, but no party availed themselves of this opportunity. [ECF No. 119]. The TRO had previously been scheduled to expire on November 4, 2026, but the TRO was extended by consent of all parties until the Court issued this written decision on the outstanding motions regarding converting the TRO to a preliminary injunction and continuing prejudgment attachment. [ECF No. 144].

For the following reasons, Plaintiff's Motion for a preliminary injunction, continuation of prejudgment attachment, and asset-preservation relief is DENIED. This opinion constitutes the

Court's findings of fact and conclusions of law. *See* F.R.C.P. 52(a)(2). Because the TRO expires at the issuance of this written decision, the outstanding motions by First Degree Defendants and Mosaic Defendants to vacate the TRO and Plaintiff's emergency motion to transfer certain funds to the court registry are mooted.

## BACKGROUND

### I. The Alleged Fraudulent Scheme

Plaintiff is a Steering Committee appointed by investors pursuant to a Joint Prosecution and Common Interest Agreement ("JPCIA"). 2d. Am. Compl. ¶ 6. Plaintiff represents that the Steering Committee was formed to "coordinate the joint prosecution, investigation, litigation, recovery, asset preservation, settlement, communications, and strategic direction of claims arising from investments" issued by various entities including Manhattan ST Notes LLC ("MSTN"), Manhattan Private Credit Markets LLC ("MPCM"), First Degree Asset Management, Six Senses Private Credit, Mosaic Capital, and Gipfel Capitale Insurance & Underwriting Partners. *Id.*[1] Plaintiff purports to represent no less than 512 investors who allegedly made 572 investments in a "phony investment scheme" that resulted in losses of no less than $105,892,547.02. *Id.* ¶ 1.

Plaintiff alleges that Defendants created a complex, multi-entity fraud which spanned several companies and entities located in the United States, the United Kingdom, Australia, Luxembourg, Seychelles, the United Arab Emirates, Switzerland, and Singapore. *Id.* ¶ 60. Plaintiff alleges that Defendants operated a Ponzi-type scheme where MSTN issued the investment notes, MPCM marketed the notes, and Manhattan 5 Ocean Partners LLC ("M5OP") operated the platform where investments were made. *Id.* ¶ 65. Plaintiff further alleges that these investment products were marketed as being backed by a Gipfel Capitale surety bond and First Degree Global

[1] Plaintiff states that the investors who are signatories to the JPCIA have not sold or assigned their underlying claims to the Steering Committee. [ECF No. 124] at 2.

Asset Management Fund backing, and that investor capital would be deployed into revenue-generating litigation funding assets managed by Mosaic Global Capital through the Six Senses Private Credit vehicle in Singapore. *Id.* ¶¶ 72, 73, 81–84. Plaintiff identifies numerous allegedly fraudulent misrepresentations regarding the nature and security of the marketed investments which induced investors to invest in the scheme. *Id.* ¶¶ 77–91, 106. Plaintiff alleges that while initial investors were paid in full at least in part from new investors' money, payments were eventually delayed and later ceased altogether. *Id.* ¶¶ 74, 116–132. Furthermore, Plaintiff alleges that First Degree Defendants and Mosaic Defendants were parties to the fraud and knowingly accepted investor capital from MSTN and MPCM which was in turn invested in the Mosaic Fund. *Id.* ¶¶ 139–144.

## II. TRO and Motion for Preliminary Injunction

On September 3, 2026, the Court granted Plaintiff's *ex parte* motion for a TRO, prejudgment order of attachment, and expedited discovery. [ECF No. 5]. At that early stage, the Court found that Plaintiff had satisfied its burden to obtain a TRO under New York's Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 6210 and a prejudgment order of attachment under N.Y. C.P.L.R. Article 62, both pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 64 which provides for the availability of every remedy for seizing property to secure satisfaction of the potential judgment under the law of the state where the Court is located. *Id.* at 4–6. That Order stated that the "attachment maintains the status quo for a short time, and absent a showing of continued necessity, Defendants will be free to manage their funds as they wish in fourteen days." *Id.* at 6. On September 17, 2026, in response to another *ex parte* motion by Plaintiff to extend and modify the TRO to include newly discovered financial accounts, the Court identified numerous deficiencies in Plaintiff's requested relief. [ECF No. 38]. However, the Court extended the TRO for a further fourteen days and expanded its scope to cover the newly identified accounts. On

September 23, 2026, in response to yet another *ex parte* motion seeking to modify the TRO and prejudgment notice of attachment, and in order to maintain the status quo until the Defendants and impacted funds could be heard, the Court modified the TRO to include newly discovered bank and financial accounts held by the Mosaic Fund which Plaintiff averred flowed from Defendants MSTN to MPCM to the Mosaic Fund. [ECF No. 56]. Throughout this period, Plaintiff had to be reminded repeatedly to effectuate proper service on Defendants and the impacted funds. [ECF Nos. 11, 31, 38].

On September 23, 2026, Plaintiff filed its Motion for a preliminary injunction, continuation of prejudgment attachment, and asset preservation relief. [ECF No. 57]. In support, Plaintiff filed only a declaration from its lead counsel, Neal Levin. On October 1, 2026, First Degree Defendants filed a motion to vacate or modify the TRO and prejudgment attachment orders and in opposition to Plaintiff's motion for a preliminary injunction. [ECF No. 85]. In support, First Degree Defendants filed an affidavit from First Degree Global Asset Management Pte Ltd's CEO Anthony John Morgan. [ECF No. 86]. In light of this new development, the Court extended the TRO until October 15, 2026, scheduled a hearing for that same day, and directed that any opposition to the pending motions be filed on or before October 8, 2025. Plaintiff filed an opposition to First Degree Defendants' motion and First Degree filed a reply. [ECF Nos. 102, 205]. The aforementioned Stipulating Defendants each filed oppositions to Plaintiff's Motion, but a day prior to the scheduled October 15, 2026, these Defendants and Plaintiff informed the Court that they had reached a stipulated agreement mooting the applicability of the TRO, prejudgment attachment, and a potential preliminary injunction as it relates to them. [ECF No. 119]. The Court subsequently adjourned the hearing until November 4, 2026 to review these new submissions and extended the TRO until that date. [ECF No. 121]. The stipulated Order was subsequently entered mooting the applicability of the TRO, prejudgment attachment, and potential preliminary injunction as to the

Stipulating Defendants. [ECF No. 126].

Prior to the November 4, 2026 hearing, Plaintiff and First Degree Defendants filed further briefing and letters regarding whether Plaintiff has Article III standing. [ECF Nos. 124, 128, 132]. Mosaic Defendants whom, along with First Degree Defendants, had been newly added as Defendants in Plaintiff's Second Amended Complaint filed on October 23, 2026, filed a motion to vacate the TRO and prejudgment order of attachment and opposing Plaintiff's Motion for a preliminary injunction and continued prejudgment attachment. [ECF No. 142]. Mosaic Defendants also filed an opposition to Plaintiff's motion at ECF No. 78 to deposit the Mosaic-related funds into a court registry. [ECF No. 144].

The Court held a hearing on November 4, 2026, at which all parties confirmed that they did not intend to offer any evidence. The Court heard oral argument from Plaintiff, Mosaic Defendants, and First Degree Defendants on the outstanding motions. The Court also heard argument from Mr. David Simpson, an individual investor who sought to intervene in this case primarily due to his objections to the Steering Committee structure, its treatment of "intermediaries" that solicited investments into the scheme, and to protect his interest in the distribution of any recovery. The Court granted Mr. Simpson's motion for intervention and, in a corresponding order and with the consent of the parties, extended the TRO until the issuance of this written decision. [ECF No. 144]. The Court has carefully reviewed all of the submissions on the outstanding motions and considered the arguments raised during the November 4, 2026 hearing in reaching this decision.

## **<u>LEGAL STANDARD</u>**

A plaintiff seeking a preliminary injunction must show: (1) "a likelihood of success on the merits"; (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction"; (3) that "the balance of hardships tips in the plaintiff's favor"; and (4) "that the public interest

would not be disserved by the issuance of [the] injunction." *See, e.g.*, *Res. Grp. Int'l Ltd. v. Chishti*, 91 F.4th 107, 114 (2d Cir. 2024) (quoting *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010); *see also Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (*per curiam*) (alteration in original) (emphasis in original) (internal quotation marks omitted).

Prejudgment "attachment is a distinct order applying state law, not an alternative basis for a preliminary injunction under federal law." *See Leadenhall Cap. Partners LLP v. Advantage Cap. Holdings LLC*, 171 F.4th 155, 166 (2d Cir. 2026). Pursuant to F.R.C.P. 64, the remedy of attachment is governed by state law. *See Chem. Bank v. Haseotes*, 13 F.3d 569, 572 (2d Cir. 1994). To obtain "an order of attachment and defeat a cross-motion to vacate under New York law, a plaintiff bears the burden of establishing the grounds for the attachment, the need for continuing the levy, and the probability of success on the merits." *Bank of China, New York Branch v. NBM L.L.C.*, 192 F. Supp. 2d 183, 186 (S.D.N.Y. 2002) (citing N.Y. C.P.L.R. §§ 6201, 6212, 6223). In order to maintain prejudgment attachment, Plaintiffs must show "that (1) there is a cause of action, (2) it is probable that the plaintiff will succeed on the merits; (3) one or more of the § 6201 grounds for attachment exist; and (4) the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." *Id.* at 187 (citing N.Y. C.P.L.R. § 6212(a)). Attachment is a "harsh remedy" which should be issued "only upon a showing that drastic action is required" and even if the elements are satisfied, the Court may still deny it as it is "a discretionary remedy." *See Buy This, Inc. v. MCI Worldcom Commc'ns, Inc.*, 178 F. Supp. 2d 380, 383 (S.D.N.Y. 2001)

## DISCUSSION

### I. Preliminary Injunction

Plaintiff has not established that it is entitled to a preliminary injunction. Specifically, Plaintiff has failed to carry its heavy burden to show that it is likely to succeed on the merits or that it will face irreparable harm.

A. Likelihood of Success on the Merits

As a threshold issue, a Plaintiff seeking a preliminary injunction must show Article III standing "no less than that required on a motion for summary judgment." *See Do No Harm v. Pfizer Inc.*, 126 F.4th 109, 119 (2d Cir. 2025). At this stage, there are serious issues about whether Plaintiff has standing to bring this suit given the nature of the JPCIA, the claims Plaintiff brings, and the relief it seeks. Plaintiff argues that it has associational standing on behalf of its members and has filed an unredacted copy of the JPCIA to clarify its relationship with individual investors. [ECF No. 124]. A membership organization has standing to bring a suit on behalf of its members where "(1) those members would otherwise have standing to sue in their own right, (2) the interests protected are germane to that organization's purpose, and (3) the participation of individual members in the lawsuit is not necessary for the claim asserted or the relief requested." *Defending Educ. v. Croton-Harmon Union Free Sch. Dist.*, 190 F.4th 53, 55 (2d Cir. 2025).

It is unlikely that Plaintiff can succeed on the third prong of this test because of the alleged fraud and the highly individualized inquiry required to determine whether individualized investors were defrauded, and how much, if anything, individual investors are owed. The elements of fraud in New York include "a false representation of material fact, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury." *See Evans v. Ottimo*, 469 F.3d 278, 283 (2d Cir. 2006). Here, Plaintiff purports to represent hundreds of investors who may have viewed different marketing materials and relied on

different allegedly false statements when making their investment decisions. Furthermore, the JPCIA itself includes a schedule of investor claims which varies drastically in terms of alleged loss amount. [ECF No. 124-1] at 32–42. Ascertaining what investors relied upon in making their investments and what they eventually lost will invariably necessitate a highly individualized inquiry with participation from the underlying JPCIA members. Where, as here, a plaintiff seeks monetary damages, the third prong of the associational standing test is typically not satisfied. *See Bano v. Union Carbide Corp.*, 361 F.3d 696, 714–15 (2d Cir. 2004); *IP Invs. Grp. LLC v. Sedicii Innovations Ltd.*, 2024 WL 729207, at *3 (S.D.N.Y. Feb. 22, 2024). Plaintiff's contrary cases cited at ECF No. 132 are distinguishable because in those cases, the primary remedy sought was injunctive relief. *See Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*, 651 F.3d 218, 229 (2d Cir. 2011) (seeking bar on enforcement of a policy); *Nat'l Ass'n of Coll. Bookstores, Inc. v. Cambridge Univ. Press*, 990 F. Supp. 245, 250 (S.D.N.Y. 1997) (seeking to enjoin publishers from selling books). Here, this suit seeks money damages for the individual investors' individual losses.

Aside from standing, Defendants have separately raised the threshold issue of personal jurisdiction. First Degree Defendants submitted their motion and opposition briefs while expressly disclaiming consent to personal jurisdiction. [ECF No. 85] at 1, 13–14. Mosaic Defendants directly argue that the Court lacks either general or specific personal jurisdiction, which they argue is a prerequisite to the issuance of a preliminary injunction. [ECF No. 142] at 13–19. The Court does not decide at this juncture whether personal jurisdiction exists, but notes that in granting a preliminary injunction, a court must "determine that the party moving for the injunction has established 'at least a reasonable probability of ultimate success on the question of the court's in personam jurisdiction over the non-moving party.'" *See Lam Yeen Leng v. Pinnacle Performance Ltd.*, 474 F. App'x 810, 813 (2d Cir. 2012) (citing *Weitzman v. Stein*, 897 F.2d 653, 659 (2d

Cir.1990)).

Additionally, the Court finds that Plaintiff has not sufficiently demonstrated a likelihood of success on the merits of its individual claims. Plaintiff relies on this Court's initial order granting a TRO and prejudgment attachment which found that at that very early stage, with the benefit only of Plaintiff's *ex parte* briefing, there existed a likelihood of success sufficient to justify a TRO to preserve the status quo pending service on Defendants. Mot. at 14–15. However, after numerous extensions and the benefit of expedited discovery, along with oppositions filed by First Degree Defendants and Mosaic Defendants, there no longer exists a sufficient likelihood of success to justify conversion of the TRO into a preliminary injunction. First Degree Defendants provide evidence via a declaration and several corresponding exhibits demonstrating that they had no knowledge of the underlying fraudulent conduct at issue when they accepted subscriptions from MSTN and MPCM to invest in their sub-funds. [ECF No. 85] at 11 (citing Morgan Decl. ¶ 33). First Degree Defendants also state that the only ownership interest MPCM and MSTN have are in those sub-funds, not in the ultimate Mosaic Fund into which some of the money was subsequently invested. *Id.* at 7–9 (citing Morgan Decl. ¶¶ 9–10, 12, 14–17, 20–22, 31). Mosaic Defendants corroborate this account in their corresponding motion. [ECF No. 3–4]. By contrast, Plaintiff offers only an attorney affidavit along with its Motion, which is not competent evidence. [ECF No. 57-1]. In essence, First Degree Defendants and Mosaic Defendants contest Plaintiff's ownership interest in the Mosaic Fund, let alone any participation by these Defendants in the alleged fraud. Plaintiff's claims for accounting and constructive trust both require the existence of a fiduciary relationship, which is unlikely to exist as it relates to the First Degree and Mosaic Defendants. *See Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 189 (S.D.N.Y. 2018) ("[p]roof of a fiduciary relationship is a mandatory element of an accounting claim under New York law"); *Rosenblatt v. Christie*, 195 F. App'x 11, 13 (2d Cir. 2006) ("a plaintiff who is unable

to demonstrate a fiduciary relationship, generally cannot establish a constructive trust claim").

Plaintiff also brings claims for fraud, Securities Exchange Act violations, and negligent misrepresentation, each of which has a particularity requirement. *See Reynolds-Sitzer v. EISAI, Inc.*, 586 F. Supp. 3d 123, 135 (N.D.N.Y. 2022) ("[p]leading fraud with particularity means specifying the 'who, what, when, where, and how of the [of the fraud]") (alterations in the original (citations omitted); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) ("[a] securities fraud complaint based on misstatements must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."); *Woori Bank v. RBS Sec., Inc.*, 910 F. Supp. 2d 697, 705 (S.D.N.Y. 2012) (negligent misrepresentation claim subject to heightened pleading where premised on fraudulent conduct). The Second Amended Complaint is devoid of allegations regarding specific fraudulent representations made by Mosaic Defendants which induced investors to join the alleged scheme, casting serious doubts as to whether Plaintiff will succeed on the merits of these claims. Both Mosaic and First Degree Defendants disclaim any participation in soliciting investments, which at the very least presents issues of fact inappropriate for resolution at this stage. *See Elfand v. City of New York*, No. 25 CIV. 7170 (JPC), 2025 WL 3248807, at *8 (S.D.N.Y. Nov. 21, 2025) ("[i]t is well established that motions for preliminary injunctions should not be resolved on the basis of affidavits which evince disputed issues of fact") (citations omitted). Additionally, Plaintiff's claim under Section 12(a)(1) of the Securities Act is unlikely to succeed because there is insufficient evidence to show that either First Degree Defendants or Mosaic Defendants were "sellers who actively solicit[ed] the sale of securities with a motivation to serve [their] own financial interest or those of the security owner." *See DeMaria v. Andersen*, 153 F. Supp. 2d 300, 307 (S.D.N.Y. 2001).

Plaintiff also brings claims for civil conspiracy and civil RICO pursuant to 18 U.S.C. §

1962, both of which require establishing the requisite concerted conduct or agreement among the alleged participants. *See ACR Sys., Inc. v. Woori Bank*, No. 14 CIV. 2817 (JFK), 2018 WL 1757019, at *6 (S.D.N.Y. Apr. 10, 2018) (civil conspiracy requires demonstration of the primary tort and (1) an agreement between two or more parties, (2) an overt act in furtherance of the agreement, (3) the parties' intentional participation in the furtherance of a plan or purpose, and (4) resulting damages); *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70 (2d Cir. 2015) (civil RICO requires (1) a substantive RICO violation, (2) injury to the plaintiff's business or property, and (3) injury was by reason of the substantive RICO violation). As discussed, there exists a significant dispute of fact regarding whether First Degree Defendants and Mosaic Defendants were at all involved in the alleged scheme, let alone whether Plaintiff is entitled to the money in the Mosaic Fund. There are also substantial legal issues raising questions as to the likelihood of success with regards to Plaintiff's claim under New York GBL § 349. The "clear weight of authority is that claims arising out of securities transactions are not the type of consumer transactions for which General Business Law § 349 was intended to provide a remedy." *Prickett v. New York Life Ins. Co.*, 896 F. Supp. 2d 236, 252 (S.D.N.Y. 2012).

Plaintiff also brings claims for conversion, which requires (1) plaintiff had a legal ownership or superior right of possession to a specific identifiable thing and (2) defendant exercised unauthorized dominion over the thing in question. *See First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd.*, 52 F. Supp. 3d 625, 639 (S.D.N.Y. 2014). In a similar vein, Plaintiff's unjust enrichment claim requires (1) defendant was enriched at plaintiff's expense and (2) that equity and good conscience require recovery. *Id.* at 640. Because serious questions persist as to whether the individual investors have any entitlement or ownership interest in the Mosaic Fund, or that First Degree Defendants or Mosaic Defendants improperly obtained money from investors, the Court finds that, on the record at this stage Plaintiff is unlikely to succeed on these claims at

this stage.

B. Irreparable Harm

The irreparable harm requirement "is the single most important prerequisite for the issuance of a preliminary injunction." *See St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 106 (2d Cir. 2025). In order to establish irreparable harm, "the moving party must show 'an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *Id.* (citing *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020)). Plaintiff's Motion argues that the Court had previously found irreparable harm when it granted the initial TRO and prejudgment attachment, and post-TRO developments including "the discovery of hidden accounts and evidence of ongoing asset restructuring" further support this finding. Mot. at 16–17. While Plaintiff asserts some claims for equitable relief including for accounting, constructive trust, and rescission, Plaintiff is primarily seeking money damages for the $105,892,547.02 that its investors purportedly lost. 2d. Am. Compl. at 70–72. Plaintiff argues that "money damages will not make Plaintiff whole because there will be no assets from which to satisfy a judgment" and that the equitable claims "could not be effectively remedied if the assets subject to those claims are dissipated before judgment." Mot. at 17. The Court disagrees.

It is "settled law that when an injury is compensable through money damages there is no irreparable harm." *See JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990). Additionally, a "party's present desire to preserve eventual recovery of monetary damages is insufficient on its own to warrant preliminary relief." *Tarnawski v. Zen Restoration Inc.*, No. 20-CV-04802 (NCM) (LKE), 2025 WL 3123968, at *5 (E.D.N.Y. Nov. 7, 2025) (citing *Firemen's Ins. Co. of Newark, N.J. v. Keating*, 753 F. Supp. 1146, 1157 (S.D.N.Y. 1990)). The Court finds that all of Plaintiff's claims can be satisfied by money damages, as even the equitable claims it is

bringing are to renumerate individual investors for the money they lost in the alleged scheme and there is no explanation why monetary damages could not provide adequate compensation. *See Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (movant must show harm "for which 'money damages cannot provide adequate compensation'") (citation omitted).

There is a limited exception to the rule that harm compensable by money damages is not irreparable "because of the risk that a judgment will not be satisfied [by] showing that the defendant is insolvent, is on the verge of insolvency, or has tried to conceal assets." *See Pamlab, L.L.C. v. Macoven Pharms., L.L.C.*, 881 F. Supp. 2d 470, 480 (S.D.N.Y. 2012). Plaintiff has failed to "make the necessary strong showing that defendants … are likely to frustrate a judgment on the merits by dissipating assets." *See Tarnawski*, 2025 WL 3123968, at *6. In the initial order granting a TRO and prejudgment relief, the Court cited the corresponding attestations in the Levin and White affidavits, *see* Levin Aff. ¶ 14 and White Aff. ¶ 46, which described discrete activities from certain Defendants including (1) redirection of investor payments, (2) liquidation of certain entities, (3) continued operation of investor solicitation platforms, and (4) circulation of a promissory note which sought to extend redemption dates and require investors to waive existing defaults. [ECF No. 5] at 5. In their Motion, Plaintiff further represents that it has traced a $99,000 draw down in a bank account held by Defendant Saville Fiduciary Corporation and that it "traced MPCM Investor funds through a chain of intermediary vehicles" to First Degree Defendants and Mosaic Defendants. Mot. at 16. The Court finds that these sparse and limited facts are insufficient to show that any Defendant, let alone First Degree Defendants and Mosaic Defendants, have "the intention of transferring [their] assets to prevent the satisfaction of judgment." *Arrey v. Gov't of Republic of Cameroon*, No. 89 CIV. 2936 (PKL), 1991 WL 84660, at *2 (S.D.N.Y. May 13, 1991).

The Court also notes that First Degree Defendants and Mosaic Defendants have separately argued that *Grupo Mexicano*, 527 U.S. 308, holds that a district court lacks authority under

F.R.C.P. 65 to freeze a defendant's assets to secure a money judgment. [ECF No. 85] at 17; [ECF No. 136] at 8–9. Plaintiff argues that the requested relief is based instead on NY C.P.L.R. Article 62 and F.R.C.P. 64 and that even under F.R.C.P. 65, the relief would be appropriate because *Grupo Mexicano* does not apply where a plaintiff asserts equitable claims. Mot. at 9–13. *Grupo Mexicano* presents another barrier to Plaintiff's desired relief, as courts in this district have held that the assertion of equitable claims alone does not permit a court to freeze assets to preserve possible legal damages under Rule 65. *See Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12 CIV. 6283 AJN, 2012 WL 5265727, at *7 (S.D.N.Y. Oct. 24, 2012).

## II. Prejudgment Attachment

Plaintiff also seeks to continue the prejudgment attachment and asset-preservation relief previously obtained pursuant to N.Y. C.P.L.R. Article 62. Mot. at 7–9. New York law provides that attachment may be granted when "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts." N.Y. C.P.L.R. § 6201(3). While this Court granted prejudgment attachment based on Plaintiff's *ex parte* filings on September 3, 2026, that relief is set to expire upon the issuance of this written decision. *See* [ECF Nos 5, 144]. In order to obtain continued prejudgment attachment, Plaintiff must show "that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant[s] exceeds all counterclaims known to the plaintiff." N.Y. C.P.L.R. § 6212(a). Since issuance of the original order granting prejudgment attachment, First Degree Defendants and Mosaic Defendants have filed motions to vacate the prejudgment attachment, supported with specific documentary evidence (ECF No. 86). "[U]pon a motion to vacate or modify an order of attachment the *plaintiff* shall have the burden of

establishing the grounds for the attachment, the need for continuing the levy, and the probability of success on the merits." N.Y. C.P.L.R. § 6223(b) (emphasis added).

In its Motion, Plaintiff primarily relies on this Court's initial order as justification for continued prejudgment attachment, arguing that the "Court had already found each of these requirements is satisfied" and that "post-TRO discovery has strengthened the case by revealing eight additional accounts tied to Defendants and confirming the multi-entity architecture." Mot. at 8. In Opposition to First Degree Defendant's motion to vacate, Plaintiff similarly leans on the Court's preliminary holding and argues that "at minimum the record is disputed and cannot support vacature of the restraint." [ECF No. 102] at 6–7. However, despite this Court's earlier holding granting prejudgment attachment on a highly limited basis, the Court is well within its authority to reject continued attachment in light of the evidence marshalled in the since-filed opposition motions. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Com. Corp.,* 54 F. Supp. 3d 287, 289–90 (E.D.N.Y. 2014) (vacating previously granted attachment after defendant motion).

Plaintiff has not demonstrated that the "harsh remedy" of continued attachment is warranted. *See VisionChina Media Inc. v. Shareholder Rep. Servs.*, LLC, 109 A.D.3d 49, 59 (2013) (quotations omitted). Most importantly, as discussed at length above, Plaintiff has not demonstrated a likelihood of success on the merits, both due to potential standing and personal jurisdiction deficiencies and issues with each of their alleged claims, especially as they relate to the First Degree Defendants and Mosaic Defendants. Furthermore, Plaintiff has not successfully demonstrated that the attachment is based on adequate grounds or that there is a need for continuing the attachment. The Court extended the TRO and attachment to the Mosaic Fund based on representations Plaintiff made that (1) Mosaic Fund held MPCM investor money, (2) MPCM was the sole equity owner of the First Degree sub-funds, and (3) that the money was owed and payable to MSTN and MPCM. [ECF No. 50] ¶¶ 5, 7, 10, 13. First Degree Defendants filed an affidavit

with supporting evidence contesting that characterization, asserting that MPCM and MSTN hold only shares in the sub-funds, and have no ownership interest in the underlying asset, Mosaic Fund. [ECF No. 85] (citing Morgan Decl. ¶¶ 11, 32). Plaintiff's response in opposition is that whether "Defendants' interests in this structure extend to the Mosaic capital is precisely the kind of question that requires discovery, not summary release." [ECF No. 102] at 6. While the First Degree and Mosaic entities have since been added as Defendants in the Second Amended Complaint, Plaintiff has still not adequately demonstrated more than "mere suspicions that Defendants used [the Mosaic Fund] to dispose of or conceal property with the intent to defraud Plaintiff or frustrate the enforcement of judgment in this action." *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Com. Corp.*, 54 F. Supp. 3d 279, 286 (E.D.N.Y. 2014).

## <u>CONCLUSION</u>

On the record before it, the Court cannot find that Plaintiff has made a clear showing it is likely to succeed on the merits or that it will be irreparably harmed absent issuance of a preliminary injunction. The Court also finds that Plaintiff has not met its burden for continued prejudgment attachment and asset preservation relief. As such, Plaintiff's Motion for a preliminary injunction, continuation of prejudgment attachment, and asset-preservation relief is DENIED.

The TRO and corresponding prejudgment attachment expires at issuance of this opinion, mooting Mosaic Defendants' and First Degree Defendants' outstanding motions to vacate the TRO and prejudgment attachment orders. [ECF Nos. 84, 142]. Plaintiff's emergency motion to transfer

certain funds to the court registry is also moot. [ECF No. 78]. The Court of Clerk is directed to close docket entries Nos. 57, 78, 84, and 142.

**SO ORDERED.**

**Date: November 6, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**